| | |
|---|---|
| SYLVESTER ALLEN, JR., DEJUANA BIGELOW, TABATHA DAVIS, and FUTURE ALAMANCE, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF GRAHAM, KRISTI COLE, individually and in her official capacity as Chief of the Graham Police Department, ALAMANCE COUNTY, TERRY S. JOHNSON, individually and in his official capacity as Sheriff of Alamance County, GRAHAM POLICE OFFICERS JOHN and JANE DOES #1-15, and ALAMANCE COUNTY DEPUTY SHERIFFS JOHN AND JANE DOES #16-30,<br><br>Defendants. | **Case No.: 1:20-cv-00997** |
| GREGORY DRUMWRIGHT, EDITH ANN JONES, and JUSTICE FOR THE NEXT GENERATION,<br><br>Plaintiffs,<br><br>v.<br><br>TERRY JOHNSON, in his official and individual capacities as Alamance County Sheriff, and MARY KRISTY COLE, in her official and individual capacities as Graham Chief of Police,<br><br>Defendants. | **Case No.: 1:20-cv-00998** |

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE

Pursuant to F. R. Civ. P 42 (A), all Defendants in the above captioned cases, excluding Graham Police Officers John and Jane Does #1-15 and Alamance County Deputy Sheriffs John and Jane Does #16-30, move this Honorable Court to consolidate these cases. Counsel for the Plaintiffs in both matters consent to the consolidation of these matters.

## I. INTRODUCTION

On November 2, 2020 Plaintiffs Sylvester Allen, Dejuana Bigelow and Future Alamance filed the above captioned action, *Sylvester Allen Junior, et al., v. City of Graham*, 1:20-cv-00997 et al. seeking declaratory relief and damages, alleging that the Defendants interfered with their protected rights to assemble, engage in speech and vote. These allegations arose out of a demonstration held on October 31, 2020 in the city of Graham, North Carolina. Plaintiff's Complaint [DE 1] alleges four causes of action; Voter Intimidation, First Amendment Retaliation, Fourth Amendment Excessive Force claims, and Conspiracy to Deprive Civil Rights.

Defendants City of Graham, Kristi Cole, Alamance County, and Terry S. Johnson have been served in this matter and the time for filing a responsive pleading on their behalf has not yet expired. Graham Police Officers John and Jane Does #1-15 and Alamance County Deputy Sheriff's John and Jane Does #16-30 have not been served in this matter and undersigned counsel for Defendants are not making an appearance on their behalf at this time.

On November 2, 2020 Plaintiffs Reverend Gregory Drumwright, Edith Ann Jones, and Justice for the Next Generation filed the above captioned action, *Gregory Drumwright et.al, v. Terry Johnson et.al,* 1:20-cv-00998, wherein those Plaintiffs seek injunctive relief and damages, alleging that Defendants planned and authorized the use of excessive force against the Plaintiffs at a demonstration held in Graham, North Carolina on October 31, 2020. Plaintiff's further allege that Defendants interfered with Plaintiff's protected speech and assembly rights, as well as their right to vote.

Defendants Terry Johnson and Kristi Cole have been served in the *Gregory Drumwright et.al, v. Terry Johnson et.al* matter and the time for filing a responsive pleading on their behalf has not yet expired.

Counsel for all parties in both of the above captioned matters have conferred and consent to these actions being consolidated pursuant to Fed. R. Civ. P. 42 (a). The Parties reserve the right to request separate briefing as appropriate.

## II. CONSOLIDATION IS APPROPRIATE UNDER RULE 42(A)

Rule 42(a) of the Federal Rules of Civil Procedure states, in pertinent part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

First, a motion to consolidate must meet the threshold requirement of involving "a common question of law or fact." *Pariseau v. Anondyne Healthcare Management, Inc.*, 2006 WL 325379 at * 1 (W.D.N.C. 2006) (unpublished) If that threshold requirement is

met, then whether to grant the motion becomes an issue of judicial discretion. *Arnold v. Eastern Air Lines*, 681 F.2d 186, 193 (4th Cir.1982).

It is clear that the above captioned cases, *Sylvester Allen Junior, et al., v. City of Graham* and *Gregory Drumwright et.al, v. Terry Johnson et.al* involve several common questions. The allegations put forth in the complaints appear to share commonalities of fact and there are also numerous common questions of law. Although the damages for each plaintiff may be different, both cases arose out of the same incident on October 31, 2020 in Graham, North Carolina. In each complaint the Plaintiffs set forth allegations that the Defendants interfered with their protected right to assemble, engage in speech and vote. In each complaint the Plaintiffs seek a determination from the Court that the actions of the Defendants violated their various constitutionally protected rights. Further, it is anticipated that the immunities and defenses put forth by Defendants will be common to both actions.

As this threshold requirement of common questions is met, the Defendants also contend that judicial discretion warrants consolidation of these cases. The Middle District of North Carolina addressed what factors should be considered in determining whether a motion to consolidate should be granted. The Court wrote:

> Rule 42(a) ... allows a court to consolidate actions if they involve a "common question of law or fact." In exercising its discretion in such regard, the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit. *In re Cree, Inc., Securities Litigation*, 219 F.R.D. 369 (M.D.N.C.2003) (*citing Arnold v. Eastern Air Lines*, 681 F.2d at 193).

4

Further, the Defendants ask the Court to recognized that consolidation may be appropriate because the witnesses for both cases will be virtually identical. Consolidating the cases for the discovery process will significantly reduce the expense incurred by the parties and the burden on the parties and witnesses should be significantly reduced. In addition, consolidating the cases for dispositive motions will ultimately reduce the burden on the Court and promote the fair and efficient administration of justice given the significant overlap in legal questions. Thus, the relative burdens and benefits fall clearly in favor of consolidation in this matter.

III. CONCLUSION

Wherefore, the Parties respectfully contend that consolidation is appropriate under Rule 42(a), and move this Honorable Court to consolidate *Sylvester Allen Junior, et al., v. City of Graham* 1:20-cv-00997 with *Gregory Drumwright et.al, v. Terry Johnson et.al,* 1:20-cv-00998.

This the 1st day of December, 2020.

                BY:    /s/*Patrick H. Flanagan*
                         Patrick H. Flanagan, NC Bar #17407
                         /s/ *Paul G. Gessner*
                         Paul G. Gessner, NC Bar #18213
                         *Attorneys for Defendants Alamance County and Terry S. Johnson*
                         CRANFILL SUMNER & HARTZOG LLP
                         P.O. Box 30787
                         Charlotte, NC 28230
                         Telephone (704) 332-8300
                         Facsimile (704) 332-9994
                         phf@cshlaw.com
                         pgessner@cshlaw.com

By: */s/ Anthony J. Biller*
Anthony J. Biller, NC Bar #24117
*Attorney for Defendants City of Graham and Kristi Cole*
MICHAEL BEST & FRIEDRICH, LLP
2501 Blue Ridge Road, Suite 390
Telephone: (984) 220-8750
Facsimile: (877) 398-5240
Email: ajbiller@michaelbest.com

By: */s/William L. Hill*
William L. Hill, NC Bar #21095
*Attorney for Defendants Alamance County and Terry S. Johnson*
FRAZIER, HILL & FURY, R.L.L.P.
2307 W. Cone Boulevard, Suite 260
Post Office Drawer 1559
Greensboro, North Carolina 27401
Telephone: (336) 378-9411
Facsimile: (336) 274-7358
whill@frazierlawnc.com

6

Case 1:20-cv-00997-CCE-LPA   Document 20   Filed 12/01/20   Page 6 of 7

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this day filed the foregoing *Brief in Support of Defendants' Motion to Consolidate* with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

| | |
|---|---|
| Geraldine Sumter<br>gsumter@fergusonsumter.com<br><br>Anuja D. Thatte<br>athatte@naacpldf.org<br><br>Clarence W. Phillips<br>cphillips@cov.com<br><br>Marianne Spencer<br>mspencer@cov.com<br><br>Leah Aden<br>laden@naacpldf.org<br><br>Morgan Lewis<br>melewis@cov.com<br><br>*Attorneys for Plaintiffs* | Anthony Biller<br>ajbiller@michaelbest.com<br><br>*Attorney for Defendants City of Graham, NC and Kristi Cole* |
| | William L. Hill<br>whill@frazierlawnc.com<br><br>Clyde B. Albright<br>Clyde.Albright@alamance-nc.com<br><br>*Attorneys for Defendants Alamance County and Terry S. Johnson* |

This the 1st day of December, 2020.

>                    BY:   /s/*Patrick H. Flanagan*
>                          Patrick H. Flanagan, NC Bar #17407
>                          *Attorney for Defendants Alamance*
>                          *County and Terry S. Johnson*
>                          CRANFILL SUMNER & HARTZOG LLP
>                          P.O. Box 30787
>                          Charlotte, NC 28230
>                          Telephone (704) 332-8300
>                          Facsimile (704) 332-9994
>                          phf@cshlaw.com

7