IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:20-CV-00997

| | | |
|---|---|---|
| SYLVESTER ALLEN, JR. DEJUANA BIGELOW, TABATHA DAVIS, FUTURE ALAMANCE, OLIVIA DAVIS, TALAUN WOODS, and ANGELA WILLIS, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | **ALAMANCE DEFENDANTS'** |
| | ) | **ANSWER TO PLAINTIFFS'** |
| v. | ) | **FIRST AMENDED** |
| | ) | **COMPLAINT** |
| CITY OF GRAHAM, MARY KRISTINE ("KRISTY") COLE, individually and in her official capacity as Chief of the Graham Police Department, ALAMANCE COUNTY, TERRY S. JOHNSON, individually and in his Official Capacity as Sheriff of Alamance County, JOAQUIN VELES, individually and in his official capacity as Lieutenant of the Patrol Division of the Graham Police Department, GRAHAM POLICE OFFICERS JOHN and JANE DOES #1-15, and ALAMANCE COUNTY DEPUTY SHERIFFS JOHN and JANE DOES #16-30, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:20-CV-00998

GREGORY DRUMWRIGHT, EDITH ) 
ANN JONES, JUSTICE FOR THE ) 
NEXT GENERATION, et al. ) 
 ) 
     Plaintiffs, )     **ALAMANCE DEFENDANTS'**
 )     **ANSWER TO PLAINTIFFS'**
    v. )     **CORRECTED FIRST**
 )     **AMENDED COMPLAINT**
TERRY JOHNSON, in his official and ) 
individual capacities as Alamance County ) 
Sheriff, MARY KRISTY COLE, in ) 
her official and individual capacities as ) 
Graham Chief of Police, et al. ) 
 ) 
    Defendants. ) 
_____ ) 

    **NOW COME** Defendants Alamance County, Terry S. Johnson, in his official and

individual capacities as Alamance County Sheriff, Cliff Parker, individually and in his

official capacity as Alamance County Chief Deputy Sheriff, (hereinafter collectively

referred to as "Alamance Defendants"), by and through undersigned Counsel, in Answer

of Plaintiffs' Corrected First Amended Complaint, as follows:

<u>INTRODUCTION</u>

1.    DENIED.

2

2.      The cases cited in paragraph 2 of the Complaint speak for themselves.  To the extent an allegation is made against these Defendants in paragraph 2, it is DENIED that these Defendants are liable to Plaintiffs under any theory of law.

3.      DENIED.

4.      The case cited in paragraph 4 speaks for itself.  To the extent an allegation against these Defendants is made in paragraph 4 of the Complaint, it is DENIED that these Defendants are liable to Plaintiffs under any theory of law.

5.      It is DENIED that these Defendants used excessive force against any Plaintiff.  The case law cited in paragraph 5 of the Complaint speaks for itself.  To the extent an allegation is made against these Defendants in paragraph 5, it is DENIED that these Defendants are liable to Plaintiffs under any theory of law.

6.      The statements made in paragraph 6 of the Complaint speak for themselves. To the extent an allegation is made against these Defendants in paragraph 6, it is DENIED that these Defendants are liable to Plaintiffs under any theory of law.

7.      DENIED.

8.      The statement made in paragraph 8 of the Complaint speaks for itself.  To the extent an allegation is made against these Defendants in paragraph 8, it is DENIED that these Defendants are liable to Plaintiffs under any theory of law.

<u>PARTIES</u>

9.      These Defendants are without information sufficient to form a belief about the statements made in paragraph 9 regarding J4tNG.  Therefore, they are DENIED.  It is

3

DENIED these Defendants engaged in any unlawful acts or are liable to Plaintiffs under any theory of law.

10.     DENIED.

11.     These Defendants are without sufficient information to form a belief as to the statements made in paragraph 11 regarding AA4J.  Therefore, they are DENIED.  It is DENIED that these Defendants are liable to Plaintiffs under any theory of law.

12.     DENIED.

13.     It is ADMITTED upon information and belief that Plaintiff Drumwright is a black resident of Guilford County, North Carolina and that he helped organize and lead the event on October 31, 2020.

Except as otherwise admitted herein, all allegations in paragraph 13 are DENIED.

14.     It is ADMITTED upon information and belief that Plaintiff Edith Jones is a white resident of Graham, North Carolina and is registered to vote.  These Defendants are without sufficient information to form a belief as to whether Jones attended the event in question.

Except as admitted herein, all allegations in paragraph 14 are DENIED.

15.     It is ADMITTED upon information and belief that Plaintiff Ellison is a black resident of Burlington, North Carolina and is registered to vote.  These Defendants are without sufficient information to form a belief as to whether Plaintiff Ellison attended the event in question or if she is a parent of minors M.E. and Z.P.  Therefore, these allegations are DENIED.

4

Except as admitted herein, all allegations in paragraph 15 are DENIED.

16. These Defendants are without sufficient information to form a belief regarding M.E. It is DENIED this Plaintiff was injured by any action of these Defendants.

17. These Defendants are without sufficient information to form a belief regarding M.E. It is DENIED this Plaintiff was injured by any action of these Defendants.

18. It is ADMITTED upon information and belief that Plaintiff Cook is a black resident of Graham, North Carolina who is registered to vote.

Except as admitted herein, all allegations in paragraph 18 are DENIED.

19. It is ADMITTED upon information and belief that Plaintiff Mitchell is a white resident of Graham, North Carolina who is registered to vote.

Except as admitted herein, all allegations in paragraph 19 are DENIED.

20. These Defendants are without sufficient information to form a belief as to Plaintiff J.A. Therefore, these allegations are DENIED. It is DENIED that this Plaintiff was injured by any action of these Defendants.

21. These Defendants are without sufficient information to form a belief as to Plaintiff B.A. Therefore, these allegations are DENIED. It is DENIED that this Plaintiff was injured by any action of these Defendants.

22. It is ADMITTED upon information and belief that Plaintiff Nesbitt is a black resident of Graham, North Carolina and is registered to vote in Alamance County.

5

It is DENIED that Plaintiff Nesbitt was injured by any action of these Defendants. To the extent the remaining statements in paragraph 22 require a response, they are DENIED.

23. It is ADMITTED upon information and belief that Plaintiff Ernestine Ward is a black resident of Burlington, North Carolina who is registered to vote in Alamance County. It is DENIED that Plaintiff Ward was injured in any way by these Defendants. To the extent the remaining allegations in paragraph 24 require a response, they are DENIED.

24. It is ADMITTED upon information and belief that Plaintiff Edith Ward is a black resident of Burlington, North Carolina who is registered to vote in Alamance County. It is DENIED that Plaintiff Ward was injured in any way by these Defendants. To the extent the remaining allegations in paragraph 24 require a response, they are DENIED.

25. It is ADMITTED upon information and belief that Plaintiff Harvey is a black resident of Graham, North Carolina. It is DENIED that Plaintiff Harvey was injured in any way by these Defendants or prevented from voting. The remaining allegations in paragraph 25 are DENIED for lack of information sufficient to form a belief as to the truth or falsity of them.

26. It is ADMITTED upon information and belief that Plaintiff Batten is a white resident of Hillsborough, North Carolina. It is DENIED that Plaintiff Batten was injured in any way by these Defendants or prevented from voting. The remaining allegations in paragraph 26 are DENIED for lack of information sufficient to form a belief as to the truth or falsity of them.

6

27.     It is ADMITTED that Johnson is the duly elected Sheriff of Alamance County, North Carolina and possesses all the rights and authority vested in that office.  It is further ADMITTED that Plaintiffs attempt to make claims against Johnson in both his official and individual capacities.  It is DENIED that Johnson is liable to Plaintiffs in this matter.

28.     ADMITTED.

29.     It is ADMITTED that Defendant Parker is the Chief Deputy of the Alamance County Sheriff's Office and has the responsibilities assigned to him by Sheriff Johnson and as arise under law.  It is further ADMITTED that Plaintiffs attempt to state claims against Parker in his individual and official capacity.  It is DENIED that Parker is liable to Plaintiffs in this matter.

30.     ADMITTED.

31.     It is ADMITTED upon information and belief that Defendant Franks was hired by the City of Graham.  It is also ADMITTED that Franks was a Captain with the Greensboro Police Department.

Except as admitted herein, all allegations in paragraph 31 are DENIED.

32.     It is DENIED that Defendant Franks was an employee of these Defendants. The remaining allegation of paragraph 32 is not directed at these Defendants such that no response is required.  To the extent a response is required, these Defendants believe that Franks acted in a lawful manner.

33. To the extent a response is required to this paragraph at this time, it is DENIED that Plaintiffs were harmed by any agent officer or employee of these Defendants.

34. The allegations in paragraph 34 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

35. The allegations in paragraph 35 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

36. The allegations in paragraph 36 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

37. The allegations in paragraph 37 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

38. The allegations in paragraph 38 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

39. The allegations in paragraph 39 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

40. The allegations in paragraph 40 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

41. The allegations in paragraph 41 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

42. The allegations in paragraph 42 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

8

43.     The allegations in paragraph 43 are not directed at these answering Defendants.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

JURISDICTION AND VENUE

44.     It is ADMITTED that Plaintiffs attempt to bring causes of action under the statutes cited in this paragraph.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

45.     DENIED for lack of information sufficient to form a belief as to the truth or falsity of this allegation.

46.     It is ADMITTED that the Middle District of North Carolina has jurisdiction over this matter and that venue is appropriate.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

47.     It is ADMITTED that the Middle District of North Carolina has jurisdiction over this matter and that venue is appropriate.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

48.     It is ADMITTED that the Middle District of North Carolina has jurisdiction over this matter and that venue is appropriate.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

49.     It is ADMITTED that the Middle District of North Carolina has jurisdiction over this matter and that venue is appropriate.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

50.     It is ADMITTED that the Middle District of North Carolina has jurisdiction over this matter and that venue is appropriate.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

STATEMENT OF FACTS

51.     To the extent this paragraph contains allegations against these Defendants, it is DENIED these Defendants are liable to Plaintiffs in this matter.

52.     To the extent this paragraph contains allegations against these Defendants, it is DENIED these Defendants are liable to Plaintiffs in this matter.

53.     To the extent this paragraph contains allegations against these Defendants, it is DENIED these Defendants are liable to Plaintiffs in this matter.

54.     To the extent this paragraph contains allegations against these Defendants, it is DENIED these Defendants are liable to Plaintiffs in this matter.

55.     To the extent this paragraph contains allegations against these Defendants, it is DENIED these Defendants are liable to Plaintiffs in this matter.

56.     To the extent this paragraph contains allegations against these Defendants, it is DENIED these Defendants are liable to Plaintiffs in this matter.

57.     To the extent this paragraph contains allegations against these Defendants, it is DENIED these Defendants are liable to Plaintiffs in this matter.

58.     To the extent this paragraph contains allegations against these Defendants, it is DENIED these Defendants are liable to Plaintiffs in this matter.

59.     To the extent this paragraph contains allegations against these Defendants, it is DENIED these Defendants are liable to Plaintiffs in this matter.

10

60. To the extent this paragraph contains allegations against these Defendants, it is DENIED these Defendants are liable to Plaintiffs in this matter.

61. These Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 61. Therefore, they are DENIED.

62. The Complaint referred to in paragraph 62 speaks for itself. To the extent a response is required, it is DENIED that these Defendants are liable to Plaintiffs in this action.

63. ADMITTED.

64. It is ADMITTED that a protest was held on July 11, 2020 with proper permits.

Except as admitted herein, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

65. ADMITTED.

66. It is DENIED that ACSO deputies or agents unlawfully disrupted any rally or protest. It is ADMITTED that protests did take place during the summer of 2020 as alleged in the Complaint.

67. ADMITTED.

68. ADMITTED upon information and belief.

69. ADMITTED upon information and belief.

70. ADMITTED upon information and belief.

11

71.     It is ADMITTED that Drumwright sought and received a permit under the Facility Use Policy of Alamance County.

72.     DENIED.

73.     It is DENIED that Drumwright received permission to erect a stage or to block any roadway.

74.     The communications between Drumwright and Cole did not involve these Defendants.  Thus, these Defendants are without sufficient information to form a belief as to the truth or falsity of same.  It is DENIED that Drumwright complied with the terms of the permits issued by these Defendants.

75.     The communications between Drumwright and Cole did not involve these Defendants.  Thus, these Defendants are without sufficient information to form a belief as to the truth or falsity of same.  It is DENIED that Drumwright complied with the terms of the permits issued by these Defendants.

76.     The communications between Drumwright and Cole did not involve these Defendants.  Thus, these Defendants are without sufficient information to form a belief as to the truth or falsity of same.  It is DENIED that Drumwright complied with the terms of the permits issued by these Defendants.

77.     The communications between Drumwright and Cole did not involve these Defendants.  Thus, these Defendants are without sufficient information to form a belief as to the truth or falsity of same.  It is DENIED that Drumwright complied with the terms of the permits issued by these Defendants.

78.     The communications between Drumwright and Cole did not involve these Defendants.  Thus, these Defendants are without sufficient information to form a belief as to the truth or falsity of same.  It is DENIED that Drumwright complied with the terms of the permits issued by these Defendants.

79.     The communications between Drumwright and Cole did not involve these Defendants.  Thus, these Defendants are without sufficient information to form a belief as to the truth or falsity of same.  It is DENIED that Drumwright complied with the terms of the permits issued by these Defendants.

80.     It is ADMITTED that a Zoom conference call was held between Drumwright with City of Graham and Alamance County representatives.

Except as admitted herein, DENIED as stated.

81.     It is ADMITTED that Defendant Cole informed Plaintiff Drumwright that no street closures would be permitted and that representatives of Defendants tried to work with Drumwright for a safe event.

Except as admitted herein, all allegations in paragraph 81 are DENIED.

82.     DENIED.

83.     It was understood that law enforcement would be present at the event.  It is DENIED that these Defendants are liable to Plaintiffs.

84.     ADMITTED upon information and belief.

85.     These Defendants were not part of the conversation as alleged in paragraph 85.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

13

86.     DENIED for lack of sufficient information as to the truth or falsity of the allegations in paragraph 86.

87.     DENIED for lack of sufficient information as to the truth or falsity of the allegations in paragraph 87.

88.     It is ADMITTED that a march took place at approximately the time alleged in the Complaint.  These Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations regarding the identity of all participants. Therefore, these allegations are DENIED.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

89.     DENIED for lack of sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 89.

90.     It is ADMITTED that there appeared to be people of varying age in the march.

        Except as admitted herein, the allegations contained in paragraph 90 are DENIED for lack of sufficient information to form a belief as to the truth or falsity of them.

91.     It is ADMITTED that marchers began to block the street.

        Except as admitted herein, DENIED for lack of sufficient information to form a belief as to the truth or falsity of these allegations.

92.     DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

14

93.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

94.    It is ADMITTED that Highway Patrol vehicles and GPD vehicles were present during the march.

Except as admitted herein, DENIED for lack of information sufficient to form a belief as to the truth or falsity of the allegations.

95.    It is ADMITTED that marchers paused, blocking the street.

Except as admitted herein, DENIED for lack of information sufficient to form a belief as to the truth or falsity of the allegations.

96.    It is ADMITTED that ACSO deputies in standard uniform of the day were present.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

97.    It is ADMITTED that Plaintiff Drumwright attempted to erect a sound system not permitted for the event.

Except as admitted herein, all allegations in paragraph 97 are DENIED.

98.    DENIED.

99.    The allegations in paragraph 99 are not directed at these Defendants.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

100.    The allegations in paragraph 100 are not directed at these Defendants.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

101.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

15

102.   DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

103.   DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

104.   DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

105.   DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

106.   It is ADMITTED that pepper spray was utilized at certain points as lawfully necessary.

Except as admitted herein, all allegations in paragraph 106 are DENIED.

107.   DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

108.   DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

109.   DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

110.   DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

111.   DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

112.     DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

113.     It is ADMITTED upon information and belief that Plaintiff Harvey was arrested by GPD.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

114.     It is ADMITTED that Drumwright's unauthorized sound system had to be disconnected.

Except as admitted herein, all allegations in paragraph 114 are DENIED.

115.     It is ADMITTED that Drumwright's sound system had to be disconnected.

Except as admitted herein, all allegations in paragraph 115 are DENIED.

116.     It is ADMITTED that pepper spray was used in a lawful matter.

Except as admitted herein, all allegations in paragraph 116 are DENIED.

117.     It is ADMITTED that pepper spray was used in a lawful manner.

Except as admitted herein, DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

118.     It is ADMITTED that pepper spray was used in a lawful manner.

Except as admitted herein, DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

119.     It is ADMITTED that pepper spray was used in a lawful manner.

Except as admitted herein, DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

17

120.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

121.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

122.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

123.    It is ADMITTED that lawful orders to disburse were issued.

124.    DENIED.

125.    DENIED.

126.    It is ADMITTED that pepper spray was used in a lawful manner.

Except as admitted herein, the allegations in paragraph 126 are DENIED.

127.    ADMITTED as to Plaintiff Drumwright.  It is also ADMITTED that additional arrests were made.  At this time, these answering Defendants do not know whether any person(s) arrested was/were a member of the group as set forth in this paragraph.

128.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

129.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

130.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

131.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

132.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

133.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

134.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

135.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

136.    ADMITTED upon information and belief.

137.    It is ADMITTED upon information and belief that Plaintiff Cook was arrested.

Except as admitted herein, DENIED for lack of information and belief.

138.    It is ADMITTED upon information and belief that several people were arrested.

Except as admitted herein, DENIED for lack of information and belief.

139.    DENIED.

140.    The video referenced in paragraph 140 speaks for itself.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

141.     The videos referenced in paragraph 141 speak for themselves.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

19

142. The video referenced in paragraph 142 speaks for itself. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

143. The video referenced in paragraph 143 speaks for itself. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

144. DENIED.

145. DENIED.

146. DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

147. DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

148. The allegations in paragraph 148 are not directed at these answering Defendants. To the extent a response is required, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

149. The allegations in paragraph 149 are not directed at these answering Defendants. To the extent a response is required, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

150. The allegations in paragraph 150 are not directed at these answering Defendants. To the extent a response is required, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

151. The allegations in paragraph 151 are not directed at these answering Defendants. To the extent a response is required, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

152.    These Defendants lack sufficient information to form a belief as to the members of J4tNG.  Thus, they are DENIED.  The remaining allegations in paragraph 152 are DENIED.

153.    These Defendants lack sufficient information to form a belief as to the members of AA4J.  Thus, they are DENIED.  The remaining allegations in paragraph 153 are DENIED.

154.    DENIED.

155.    DENIED.

156.    DENIED.

157.    It is ADMITTED that the actions of these Defendants were lawful.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

158.    DENIED.

159.    The Facility Use Policy speaks for itself.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

160.    DENIED.

161.    DENIED.

162.    DENIED.

163.    DENIED.

164.    DENIED.

165.    DENIED.

166.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

21

167.    DENIED.

168.    DENIED.

169.    DENIED.

170.    DENIED.

171.    DENIED.

172.    It is ADMITTED upon information and belief that one or more people identifying themselves as AA4J members attended a Board of Commissioners meeting.

Except as admitted herein, all allegations in paragraph 172 are DENIED.

173.    It is ADMITTED that Plaintiff Drumwright has pending criminal charges in Alamance County.

Except as admitted herein, all allegations in paragraph 173 are DENIED.

174.    DENIED.

<u>CAUSES OF ACTION</u>

<u>COUNT I:</u>

175.    These answering Defendants incorporate by reference as fully set forth herein, their responses to paragraphs 1 through 174 of the Corrected Amended Complaint.

176.    It is ADMITTED that Plaintiffs assert a claim pursuant to 42 U.S.C. § 1983.  It is DENIED that either J4tNG or AA4J has the capacity to bring a claim on behalf of purported members.

Except as admitted herein, all allegations in paragraph 176 are DENIED.

22

177. The statement in paragraph 177 does not require a response. To the extent that a response is required, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

178. DENIED.

COUNT II:

179. These answering Defendants incorporate by reference as fully set forth herein, their responses to paragraphs 1 through 178 of the Corrected Amended Complaint.

180. It is ADMITTED that Plaintiffs assert claims under 42 U.S.C. § 1983. It is DENIED that J4tNG or AA4J have the legal capacity to bring claims on behalf of members. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

181. To the extent the statement in paragraph 181 requires a response, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

182. DENIED.

COUNT III:

183. These answering Defendants incorporate by reference as fully set forth herein, their responses to paragraphs 1 through 182 of the Corrected Amended Complaint.

184. The provisions of the Voting Rights Act speak for themselves. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

185. The provisions of the Voting Rights Act speak for themselves. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

23

186.    DENIED.

187.    DENIED.

188.    DENIED.

COUNT IV:

189.    These answering Defendants incorporate by reference as fully set forth herein, their responses to paragraphs 1 through 188 of the Corrected Amended Complaint.

190.    It is ADMITTED that Plaintiffs assert a claim under 42 U.S.C. § 1985(3). It is DENIED that these Defendants are liable to Plaintiffs in this matter.  It is further DENIED that J4tNG or AA4J have the capacity to bring claims on behalf of others.

191.    The provisions of the Ku Klux Klan Act speak for themselves.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

192.    The provisions of the Ku Klux Klan Act speak for themselves.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

193.    The provisions of the Ku Klux Klan Act speak for themselves.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

194.    The provisions of the Ku Klux Klan Act speak for themselves.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

195.    DENIED.

196.    DENIED.

197.    DENIED.

198.    DENIED.

199.    DENIED.

COUNT V:

200.    These answering Defendants incorporate by reference as fully set forth herein, their responses to paragraphs 1 through 199 of the Corrected Amended Complaint.

201.    The provisions of the North Carolina Constitution speak for themselves.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

202.    The provisions of the North Carolina Constitution speak for themselves.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

203.    The provisions of the North Carolina Constitution speak for themselves.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

204.    DENIED.

205.    DENIED.

COUNT VI:

206.    These answering Defendants incorporate by reference as fully set forth herein, their responses to paragraphs 1 through 205 of the Corrected Amended Complaint.

207.    The provisions of the North Carolina Constitution speak for themselves.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

208.    The provisions of the North Carolina Constitution speak for themselves.  It is DENIED that these Defendants are liable to Plaintiffs in this matter.

209.    DENIED.

210.   DENIED.

COUNT VII:

211.   These answering Defendants incorporate by reference as fully set forth herein, their responses to paragraphs 1 through 210 of the Corrected Amended Complaint.

212.   DENIED.

213.   DENIED.

FIRST FURTHER DEFENSE

These Defendants assert lack of standing on behalf of one or more Plaintiffs in this matter barring them from seeking recovery from Defendants.

SECOND FURTHER DEFENSE

These Defendants plead the lack of capacity to sue on the part of Plaintiffs J4tNG and AA4J in bar of any recovery by them in this matter.

THIRD FURTHER DEFENSE

These Defendants plead justification and authority of law in bar of some or all claims against them in this matter.

FOURTH FURTHER DEFENSE

These Defendants plead qualified immunity in bar of some or all individual capacity claims made against them pursuant to Federal law.

FIFTH FURTHER DEFENSE

26

To the extent Plaintiffs assert any State law negligence claims against these Defendants in their individual capacities, then Defendants plead Public Officers' immunity in bar of those claims.

<h3 style="text-align:center">SIXTH FURTHER DEFENSE</h3>

To the extent Plaintiffs assert any State law negligence claims against these Defendants in their official capacities, then these Defendants plead governmental immunity in bar of such claims.

<h3 style="text-align:center">SEVENTH FURTHER DEFENSE</h3>

These Defendants plead the availability of a State Tort Claim to Plaintiffs in bar of the North Carolina Constitutional claims asserted herein.

<h3 style="text-align:center">EIGHTH FURTHER DEFENSE</h3>

Plaintiffs' Complaint fails to state a claim upon which relief can be granted mandating that this action be dismissed with prejudice.

<h3 style="text-align:center">NINTH FURTHER DEFENSE</h3>

Plaintiffs have failed to join a necessary party for all State law claims. Thus, these claims must be dismissed.

<h3 style="text-align:center">TENTH FURTHER DEFENSE</h3>

To the extent Plaintiffs seek recovery from these Defendants premised upon State law negligence claims, these Defendants plead Plaintiffs' own contributory negligence to include, but not limited to: blocking the roadway, bringing gas cans into the protest, failing to follow lawful orders, and other acts of negligence in bar of these claims.

## PRAYER FOR RELIEF

WHEREFORE, having answered the Corrected Amended Complaint of the Plaintiffs, the Alamance Defendants respectfully pray that the Court grant unto them the following:

a)      Plaintiffs have and recover nothing of them;

b)      Plaintiffs' claims against them be dismissed;

c)      That the cost of this action, to include reasonable attorney's fees, be taxed to the Plaintiffs;

d)      That all issues triable be tried by a jury and;

e)      For all such other and further relief that the Court may deem just and proper.

RESPECTFULLY SUBMITTED.

This the 18th day of January, 2020

/s/ William L. Hill_____
William L. Hill (NCSB #21095)
*Attorney for Alamance Defendants*

**FRAZIER, HILL & FURY, R.L.L.P.**
2307 W. Cone Boulevard, Suite 260
Post Office Drawer 1559
Greensboro, North Carolina 27401
Telephone:    (336) 378-9411
Facsimile:    (336) 274-7358
whill@frazierlawnc.com

28

/s/Clyde B. Albright
Clyde B. Albright (NCSB #10778)
*Attorney for Alamance Defendants*

**ALAMANCE COUNTY ATTORNEY**
124 West Elm Street
Graham, NC 27253
(336) 570-4046 (voice)
(336) 570-6788 (facsimile)
Clyde.Albright@alamance-nc.com

/s/Patrick H. Flanagan
Patrick H. Flanagan (NC Bar #17407)
*Attorney for Alamance Defendants*

**CRANFILL SUMNER & HARTZOG LLP**
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
phf@cshlaw.com

/s/ Paul G. Gessner
Paul G. Gessner (NC Bar #18213)
*Attorney for Alamance Defendants*

**CRANFILL SUMNER & HARTZOG LLP**
P.O. Box 27808
Raleigh, NC 27611
Telephone: (919) 863-8734
Facsimile: (919) 863-3477
pgessner@cshlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned does hereby certify that a copy of the foregoing **ALAMANCE DEFENDANTS' ANSWER TO PLAINTIFFS' CORRECTED FIRST AMENDED COMPLAINT** was duly served upon all parties hereto in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure through the CM/ECF system in effect for the United States District Court for the Middle District of North Carolina as follows:

**Counsel for Plaintiffs**

Geraldine Sumter: gsumter@fergusonsumter.com
C. William Phillips: cphillips@cov.com
Marianne Spencer: mspencer@cov.com
Leah Aden: laden@naacpldf.org
Natasha Merle: nmerle@naacpldf.org
Ashok Chandran: achandran@naacpldf.org
Morgan Lewis: mlewis@cov.com

**Counsel for Defendants**

Clyde B. Albright: clyde.albright@alamance-nc.com
A. J. Biller: ajbiller@envisage.law
Adam P. Banks: abanks@envisage.law
Patrick H. Flanagan: phf@cshlaw.com
Paul G. Gessner: pgessner@cshlaw.com

This the 18th day of January, 2020.

/s/ William L. Hill_____
William L. Hill (NCSB #21095)
*Attorney for Alamance Defendants*