IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:20-CV-00997

| | |
|---|---|
| SYLVESTER ALLEN, JR. DEJUANA BIGELOW, TABATHA DAVIS, FUTURE ALAMANCE, OLIVIA DAVIS, TALAUN WOODS, and ANGELA WILLIS,<br><br>       Plaintiffs,<br><br>    v.<br><br>CITY OF GRAHAM, MARY KRISTINE ("KRISTY") COLE, individually and in her official capacity as Chief of the Graham Police Department, ALAMANCE COUNTY, TERRY S. JOHNSON, individually and in his Official Capacity as Sheriff of Alamance County, JOAQUIN VELES, individually and in his official capacity as Lieutenant of the Patrol Division of the Graham Police Department, GRAHAM POLICE OFFICERS JOHN and JANE DOES #1-15, and ALAMANCE COUNTY DEPUTY SHERIFFS JOHN and JANE DOES #16-30,<br><br>       Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ALAMANCE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

(*Allen et al v. City of Graham et al*. **DE 24**)

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### CIVIL ACTION NO. 1:20-CV-00998

| | | |
|---|---|---|
| GREGORY DRUMWRIGHT, EDITH ANN JONES, JUSTICE FOR THE NEXT GENERATION, et al. | ) ) ) ) | |
| Plaintiffs, | ) ) | **ALAMANCE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | ) ) | |
| TERRY JOHNSON, in his official and individual capacities as Alamance County Sheriff, MARY KRISTY COLE, in her official and individual capacities as Graham Chief of Police, et al. | ) ) ) ) ) | *(**Allen et al v. City of Graham et al**. DE 24)* |
| Defendants. | ) ) ) | |

**NOW COME** Defendants Alamance County and Terry S. Johnson, individually and in his official capacity as Sheriff of Alamance County (hereinafter collectively referred to as "Alamance Defendants") by and through undersigned counsel, in Answer to Plaintiff's First Amended Complaint, as follows:

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Plaintiffs' complaint fails to state any legally cognizable claim against Alamance County and should be dismissed as to Alamance County.

2

## THIRD DEFENSE

Defendants plead all applicable immunities to which they are entitled to by operation of law and in bar of Plaintiff's claims herein, including, but not limited to, governmental immunity, qualified immunity and public official immunity.

## FOURTH DEFENSE

If, and to the extent that Plaintiffs have asserted state law claims against Sheriff Johnson or his deputies in their official capacities, these claims should be dismissed for failure to join a necessary party.

## FIFTH DEFENSE

To the extent that any of the answering Defendants may be found negligent or liable in any way of interacting with Plaintiffs, which such negligence and liability is denied, and if it is determined that that such claim for such act is not barred by governmental immunity, Public Official immunity, qualified immunity or any other valid defenses, Plaintiffs' injuries and damages were caused by their own actions. Plaintiff's negligence, gross negligence, intentional and willful or wanton conduct contributed to their own injuries and damages, and is pled as a complete defense to Plaintiffs' Complaint.

## SIXTH DEFENSE

These Defendants plead that all of their conduct at all relevant times was objectively reasonable, in good faith, and intended to be consistent with any legal rights of the Plaintiffs. This is pled as an affirmative defense and as a complete and total bar as to the claims set forth in Plaintiffs' Complaint.

## SEVENTH DEFENSE

Plaintiffs' state constitutional claim denominated as Plaintiffs' Sixth Cause of Action fails pursuant to F.R. Civ. P. Rule 12(b)(6) given the existence of an adequate state law remedy.

## EIGHTH DEFENSE

Responding to the specific allegations of the Complaint, these answering Defendants say as follows:

## INTRODUCTION

Plaintiff's Introduction is a recitation of the law and a summary statement that does not require a response. If, and to the extent it is determined that the Introduction requires a response, it is DENIED.

## PARTIES

1. It is ADMITTED upon information and belief that Plaintiff Dejuana Bigelow is a Black voter who resides in Graham, North Carolina and that she is registered to vote in Alamance County.

2. It is ADMITTED upon information and belief that Plaintiff Sylvester Allen, Jr. is a Black voter who resides in Graham, North Carolina and that he is registered to vote in Alamance County. Defendants lack sufficient information to admit or deny Plaintiff Allen's lineage, therefore unless specifically admitted, it is DENIED.

3. It is ADMITTED upon information and belief that Plaintiff Tabatha Davis is a White voter who resides in Mebane, North Carolina and that she is registered to vote in Alamance County.

4

4. These Defendants are without sufficient information to form a belief as to the statements made in Paragraph 4 regarding Future Alamance, therefore they are DENIED.

5. It is ADMITTED upon information and belief that Plaintiff Olivia Davis is a Black voter who resides in Burlington, North Carolina and that she is registered to vote in Alamance County.

6. It is ADMITTED upon information and belief that Plaintiff Talaun Woods is a Black resident of Burlington, North Carolina. Unless specifically admitted, the allegations contained in Paragraph 6 are denied.

7. It is ADMITTED upon information and belief that Plaintiff Angela Willis is a Black voter who resides in Burlington, North Carolina and that she is registered to vote in Alamance County.

8. The allegations contained in Paragraph 8 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

9. The allegations contained in Paragraph 9 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

10. These Defendants ADMIT that Defendant Terry S. Johnson, sued individually and in his official capacity as Sheriff of Alamance County, is domiciled in the state and that the law of the State of North Carolina imposes the duties and obligations upon

5

him for the supervision of his office. Unless specifically admitted, the remaining allegations contained in Paragraph 10 are DENIED.

11. The allegations contained in Paragraph 11 are ADMITTED.

12. The allegations contained in Paragraph 12 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

13. These Defendants ADMIT that Alamance County is organized and existing under the laws of the State of North Carolina. Unless specifically admitted, the remaining allegations contained in Paragraph 13 are DENIED.

14. The allegations contained in Paragraph 14 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

15. The allegations contained in Paragraph 15 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

16. The allegations contained in Paragraph 16 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

17. The allegations contained in Paragraph 17 are DENIED.

18. The allegations contained in Paragraph 18 are DENIED.

19. It is ADMITTED that Plaintiffs attempt to bring causes of action under the statutes, common law, and sections of the United States Constitution and North Carolina

6

Constitution cited in this paragraph. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

20. It is ADMITTED that this Court has subject matter jurisdiction over this action. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

21. It is ADMITTED that this Court has personal jurisdiction over the Defendants as residents of North Carolina. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

22. It is ADMITTED that venue is proper in the Middle District of North Carolina. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

23. It is ADMITTED that this Court has the authority to provide the declaratory relief requested, pursuant to the cited statutes. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

**STATEMENT OF FACTS**

24. To the extent that paragraph 24 contains allegations against these Defendants, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

25. To the extent that paragraph 25 contains allegations against these Defendants, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

26. To the extent that paragraph 26 contains allegations against these Defendants, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

27. To the extent that paragraph 27 contains allegations against these Defendants, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

7

28. To the extent that paragraph 28 contains allegations against these Defendants, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

29. To the extent that paragraph 29 contains allegations against these Defendants, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

30. It is ADMITTED that in 2010, the United States Department of Justice ("DOJ") opened an investigation into the ACSO for racially discriminatory policing and that these allegations were dismissed by the Court with prejudice after a two-week trial on the merits of the DOJ's claim.

31. To the extent that paragraph 31 contains allegations against these Defendants, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

32. These Defendants DENY the allegations contained in Paragraph 32.

33. These Defendants DENY the allegations contained in Paragraph 33.

34. To the extent that paragraph 34 contains allegations against these Defendants, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

35. These Defendants lack sufficient information to admit or deny the intentions of the protestors that participated in the October 31, 2020 event, therefore they are DENIED.

36. Paragraph 36 contains a recitation of the law that does not require a response from these Defendants, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

37. Paragraph 37 contains a recitation of the law that does not require a response from these Defendants, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

38. Paragraph 38 contains a recitation of the law that does not require a response from these Defendants, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

39. Paragraph 39 contains a recitation of the law that does not require a response from these Defendants, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

40. These Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 40, therefore they are DENIED.

41. It is ADMITTED that a permit was issued to the event organizers that allowed for speeches to be made from a small stage erected at the Courthouse Square, but these Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 41, particularly the intentions of the participants, therefore unless specifically admitted they are DENIED.

42. These Defendants lack sufficient information to admit or deny what the organizers plans were, therefore the statement enumerated as Paragraph 42 is DENIED.

43. The allegations contained in Paragraph 43 are ADMITTED.

44. These Defendants lack sufficient information to admit or deny what the intentions of the participants were, therefore the statement enumerated as Paragraph 44 is DENIED.

9

45. To the extent that paragraph 45 contains allegations against these Defendants, it is DENIED that these Defendants are liable to Plaintiffs in this matter.

46. The allegations contained in Paragraph 46 are ADMITTED.

47. It is ADMITTED that police officers, sheriff deputies and State Troopers were present along the roadway during the event, unless specifically admitted the remainder of the allegations are DENIED.

48. The allegations contained in Paragraph 48 are DENIED.

49. The allegations contained in Paragraph 49 are DENIED.

50. The allegations contained in Paragraph 50 are ADMITTED.

51. The allegations contained in Paragraph 51 are ADMITTED.

52. The allegations contained in Paragraph 52 are ADMITTED.

53. The allegations contained in Paragraph 53 are ADMITTED.

54. It is ADMITTED that shortly after arriving at the Courthouse Square, the March attendees kneeled in a moment of silence for 8 minutes and 46 seconds. Unless specifically admitted, the remaining allegations contained in Paragraph 54 are DENIED.

55. These Defendants DENY that Plaintiff received any permit from Alamance County permitting the commemorative kneeling.

56. The allegations contained in Paragraph 56 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

10

57. The allegations contained in Paragraph 57 are not directed at these answering Defendants, and if it is determined that the allegations are directed at these Defendants, they lack sufficient information to admit or deny the allegations contained in Paragraph 57, specifically what they could hear or understand, therefore it is DENIED.

58. The allegations contained in Paragraph 58 are DENIED.

59. These Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 59, specifically what the protesters observed, therefore it is DENIED.

60. The allegations contained in Paragraph 60 are DENIED.

61. The allegations contained in Paragraph 61 are DENIED.

62. It is admitted that pepper spray was utilized at certain times as lawfully necessary. Except as herein admitted, the remaining allegations contained in Paragraph 62 are DENIED.

63. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. Except as herein admitted, the remaining allegations contained in Paragraph 63 are DENIED.

64. The allegations contained in Paragraph 64 are DENIED.

65. The allegations contained in Paragraph 65 are DENIED.

66. The allegations contained in Paragraph 66 are DENIED.

67. The allegations contained in Paragraph 67 are DENIED. These Defendants ADMIT that pepper spray was utilized at certain times as lawfully necessary.

68. The allegations contained in Paragraph 68 are ADMITTED.

69. It is ADMITTED that individuals began speaking at a stage that was set up and used speakers that were plugged into a generator. Unless specifically admitted, the remaining allegations in Paragraph 69 are DENIED.

70. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. Except as herein admitted, the remaining allegations contained in Paragraph 70 are DENIED.

71. It is ADMITTED that officers attempted to unplug the unauthorized generator for the sound system, unless specifically admitted the remaining allegations in Paragraph 71 are DENIED.

72. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. Except as herein admitted, the remaining allegations contained in Paragraph 72 are DENIED.

73. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. Except as herein admitted, the remaining allegations contained in Paragraph 73 are DENIED.

74. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. Except as herein admitted, the remaining allegations contained in Paragraph 74 are DENIED.

75. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. Except as herein admitted, the remaining allegations contained in Paragraph 75 are DENIED.

76. These Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 76, therefore they are DENIED.

77. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. These Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 77, therefore they are DENIED.

78. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. These Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 78, therefore they are DENIED.

79. These Defendants specifically DENY the allegations contained in Paragraph 79.

80. These Defendants specifically DENY the allegations contained in Paragraph 80.

81. The video referenced in Paragraph 81 speaks for itself. It is DENIED that the Defendants are liable to the Plaintiffs in this matter.

82. The allegations contained in Paragraph 82 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

83. The allegations contained in Paragraph 83 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter

84. These Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 84, specifically what individuals plans were, therefore it is DENIED.

85. These Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 85, therefore they are DENIED.

86. It is ADMITTED that Saturday October 31, 2020 was the last day of early voting. The remaining allegations contained in Paragraph 86 are DENIED.

87. It is ADMITTED that Saturday October 31, 2020 was the last day for same-day voter registration for the 2020 general election.

88. These Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 88, therefore they are DENIED.

89. It is ADMITTED that a number of March attendees were arrested on October 31, 2020. The terms and conditions of their release were set by a judicial official, not these Defendants. Therefore, unless specifically admitted, the remaining allegations in Paragraph 89 are DENIED.

90. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

91. These Defendants DENY the allegations contained in Paragraph 91.

92. These Defendants lack sufficient information to admit or deny the allegation contained in Paragraph 92, therefore they are DENIED.

93. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

94. These Defendants DENY the allegations contained in Paragraph 94.

95. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

96. The allegations contained in Paragraph 96 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

97. The nature of the allegations contained in Paragraph 97, as they relate to Defendant Johnson and any member of his office, are confidential and protected by statute. It is DENIED that these Defendants are liable to Plaintiffs in this matter

98. These Defendants DENY the allegations contained in Paragraph 98.

99. Paragraph 99 contain statements that do not require a response from these Defendants. If, and to the extent that it is determined that Paragraph 99 requires a response, these Defendants lack sufficient information to form a belief about the truth of the allegation, therefore it is DENIED.

100. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 100, therefore it is DENIED.

101. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 101, therefore it is DENIED.

102. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

103. These Defendants ADMIT the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104. These Defendants lack sufficient information about the truth of the allegation contained in Paragraph 104 and it is not directed at these answering Defendants, therefore it is DENIED.

105. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

106. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

107. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 107, therefore it is DENIED.

108. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

109. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

110. These Defendants admit that Ms. Davis was able to vote on November 3, 2020. Unless specifically admitted, the remaining allegations contained in Paragraph 110 are DENIED.

111. The allegations contained in Paragraph 111 are DENIED.

112. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 112, therefore it is DENIED.

113. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

114. The allegations contained in Paragraph 114 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter

115. The allegations contained in Paragraph 115 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

116. The allegations contained in Paragraph 116 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

117. The allegations contained in Paragraph 117 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

118. Upon information and belief, these Defendants ADMIT the allegations contained in Paragraph 118.

119. These Defendants ADMIT the allegations contained in Paragraph 119.

120. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 120, therefore it is DENIED.

121. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 121, therefore it is DENIED.

122. It is admitted that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that the generator had been permitted for the event and that these Defendants are liable to Plaintiffs in this matter.

123. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

124. It is admitted that North Carolina's same-day voter registration period had ended on October 31, 2020. The remaining allegations contained in Paragraph 124 are DENIED.

125. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 125, therefore it is DENIED.

126. It is admitted that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that the generator had been permitted for the event and that these Defendants are liable to Plaintiffs in this matter.

127. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 127, therefore it is DENIED.

128. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 128, therefore it is DENIED.

129. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 100, therefore it is DENIED.

130. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

131. Paragraph 131 is a statement of the law and does not require a response.

132. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. These Defendants lack sufficient information to form a belief about the truth of the allegations contained in Paragraph 132, therefore it is DENIED. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

133. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 133, therefore it is DENIED.

134. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

135. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. These Defendants lack sufficient information to form a belief about the truth of the allegations contained in Paragraph 135, therefore it is DENIED.

136. These Defendants ADMIT the allegations contained in Paragraph 136, but DENY that they are Liable to Plaintiffs in this matter.

**CAUSES OF ACTION**
**FIRST CAUSE OF ACTION**
52 U.S.C. 10307 – Voter Intimidation
Plaintiffs Tabatha Davis, Olivia Davis, Talaun Woods, and Future Alamance
Against All Defendants

137. These answering Defendants incorporate by reference as fully set forth herein, their responses to paragraphs 1 through 136 of Plaintiffs First Amended Complaint.

138. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 138, therefore it is DENIED.

139. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 139, therefore it is DENIED.

140. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

141. The allegations contained in Paragraph 141 are DENIED.

142. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

143. The allegations contained in Paragraph 143 are DENIED.

144. The allegations contained in Paragraph 144 are DENIED.

145. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 145, therefore it is DENIED.

146. The allegations contained in Paragraph 146 are DENIED.

**SECOND CAUSE OF ACTION**
42 U.S.C. §1983 – First Amendment Retaliation
All Plaintiff's Against All Defendants

147. These answering Defendants incorporate by reference as fully set forth herein, their responses to paragraphs 1 through 146 of Plaintiffs First Amended Complaint.

148. The allegations contained in Paragraph 148 are ADMITTED.

149. These Defendants lack sufficient information to form a belief about what the Plaintiff's purposes were as it relates to their speech and assembly, therefore the allegations contained in Paragraph 149 are DENIED.

150. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

151. The allegations contained in Paragraph 151 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

152. The allegations contained in Paragraph 152 are DENIED.

153. The allegations contained in Paragraph 153 are not directed at these answering Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

154. It is ADMITTED that Defendant Johnson is a final policymaker within Alamance County for all matters related to ACSO. The remaining allegations contained in Paragraph 154 are DENIED.

155. The allegations contained in Paragraph 155 are DENIED.

156. These Defendants lack sufficient information to form a belief about the truth of the allegation contained in Paragraph 156, therefore it is DENIED.

157. These Defendants ADMIT that the use of pepper spray is authorized as a non-deadly defensive weapon to bring an unlawful situation safely and effectively under control. Unless specifically admitted, the remaining allegations contained in Paragraph 157 are DENIED.

158. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

159. The allegations contained in Paragraph 159 are DENIED.

160. The allegations contained in Paragraph 160 are DENIED.

161. The allegations contained in Paragraph 161 are DENIED.

162. The allegations contained in Paragraph 162 are DENIED.

**THIRD CAUSE OF ACTION**
42 U.S.C. §1983 – Fourth Amendment/Excessive Force
All Plaintiffs Against All Defendants

163. These answering Defendants incorporate by reference as fully set forth herein, their responses to paragraphs 1 through 162 of Plaintiffs First Amended Complaint.

164. The allegations contained in Paragraph 164 are ADMITTED.

165. The allegations contained in Paragraph 165 are DENIED.

166. The allegations contained in Paragraph 166. Are DENIED.

167. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

168. The allegations contained in Paragraph 168 are DENIED.

169. The allegations contained in Paragraph 169 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

170. The allegations contained in Paragraph 170 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

171. The allegations contained in Paragraph 171 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

172. The allegations contained in Paragraph 172 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

173. The allegations contained in Paragraph 173 are DENIED.

174. The allegations contained in Paragraph 174 are DENIED. These Defendants ADMIT that pepper spray was utilized at certain times as lawfully necessary.

175. The allegations contained in Paragraph 173 are DENIED.

176. The allegations contained in Paragraph 176 are DENIED.

177. It is ADMITTED that Defendant Johnson is a final policymaker for all matters related to ACSO. Unless specifically admitted, the remaining allegations contained in Paragraph 177 are DENIED.

178. The allegations contained in Paragraph 178 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

179. The allegations contained in Paragraph 179 are DENIED.

180. The allegations contained in Paragraph 180 are DENIED.

### FOURTH CAUSE OF ACTION
42 U.S.C. § 1985(3) – Conspiracy to Deprive Civil Rights
All Plaintiffs Against All Defendants

181. These answering Defendants incorporate by reference as fully set forth herein, their responses to paragraphs 1 through 181 of Plaintiffs First Amended Complaint.

182. The allegations contained in Paragraph 182 are DENIED.

183. The allegations contained in Paragraph 183 are DENIED.

184. The allegations contained in Paragraph 184 are DENIED.

185. The allegations contained in Paragraph 185 are DENIED.

186. It is ADMITTED that pepper spray was utilized at certain times as lawfully necessary. It is DENIED that these Defendants are liable to Plaintiff's in this matter.

23

187. The allegations contained in Paragraph 187 are DENIED.

188. The allegations contained in Paragraph 188 are DENIED.

189. The allegations contained in Paragraph 189 are DENIED.

190. The allegations contained in Paragraph 190 are DENIED.

191. The allegations contained in Paragraph 191 are DENIED.

192. The allegations contained in Paragraph 192 are DENIED.

193. The allegations contained in Paragraph 193 are DENIED.

194. The allegations contained in Paragraph 194 are DENIED.

## FIFTH CAUSE OF ACTION
Assault and Battery
All Plaintiffs Against Defendants Velez, John and Jane Does #1-30, Alamance County,
And City of Graham

195. These answering Defendants incorporate by reference as fully set forth herein, their responses to paragraphs 1 through 194 of Plaintiffs First Amended Complaint.

196. The allegations contained in Paragraph 196 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

197. The allegations contained in Paragraph 197 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

198. The allegation contained in Paragraph 198 are DENIED.

199. The allegations contained in Paragraph 197 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

200. The allegations contained in Paragraph 200 are DENIED.

## SIXTH CAUSE OF ACTION
N.C. Const. Art. I, Sec. 12 &14 – Freedom of Speech and Freedom of Assembly
All Plaintiff's Against Defendants Velez and John and Jane Does #1-30 in their
Official Capacities

201. These answering Defendants incorporate by reference as fully set forth herein, their responses to paragraphs 1 through 201 of Plaintiffs First Amended Complaint.

202. The allegations contained in Paragraph 202 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

203. The allegations contained in Paragraph 203 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

204. The allegations contained in Paragraph 204 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

205. The allegations contained in Paragraph 205 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

206. The allegations contained in Paragraph 206 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

207. The allegations contained in Paragraph 207 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

208. The allegations contained in Paragraph 208 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

209. The allegations contained in Paragraph 209 are not directed toward these Defendants. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

ALL ALLEGATIONS NOT EXPRESSLY ADMITTED ARE DENIED, INCLUDING PLAINTIFF'S PRAYER FOR RELIEF.

WHEREFORE, these Defendants respectfully request to the Court as follows:

1. That the Complaint be dismissed and any and all relief sought through it be denied;

2. That the costs of this action, including attorneys' fees as allowed by law, be taxed against Plaintiffs;

3. That the issues subject to a trial by jury be tried by a jury; and

4. That the Court grant Defendants any other relief it deems just and proper.

This the 12th day of February, 2021.

By:    /s/ *Paul G. Gessner*
Paul G. Gessner, NC Bar #18213
/s/*Patrick H. Flanagan*
Patrick H. Flanagan, NC Bar #17407
*Attorneys for Defendants Alamance*
*County and Terry S. Johnson*
CRANFILL SUMNER & HARTZOG LLP
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
pgessner@cshlaw.com
phf@cshlaw.com


By:    /s/*William L. Hill*
William L. Hill, NC Bar #21095
*Attorney for Defendants Alamance*
*County and Terry S. Johnson*
FRAZIER, HILL & FURY, R.L.L.P.
2307 W. Cone Boulevard, Suite 260
Post Office Drawer 1559
Greensboro, North Carolina 27401
Telephone: (336) 378-9411
Facsimile: (336) 274-7358
whill@frazierlawnc.com


By:    /s/*Clyde B. Albright*
Clyde B. Albright, NC Bar #10778
*Attorney for Defendants Alamance*
*County and Terry S. Johnson*
ALAMANCE COUNTY ATTORNEY
124 West Elm Street
Graham, NC 27253
Telephone: (336) 570-4046
Facsimile: (336) 570-6788
Clyde.Albright@alamance-nc.com

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that the undersigned has this day filed the foregoing *ALAMANCE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT* with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following:

| | |
|---|---|
| Geraldine Sumter<br>gsumter@fergusonsumter.com | Elizabeth Haddix<br>ehaddix@lawyerscommittee.org |
| Anuja D. Thatte<br>athatte@naacpldf.org | Daniel K. Siegel<br>dsiegel@acluofnc.org |
| Ashok Chandran<br>achandran@naacpldf.org | Jaclyn A. Maffetore<br>jmaffetore@acluofnc.org |
| Clarence W. Phillips<br>cphillips@cov.com | Kristi L. Graunke<br>kgraunke@acluofnc.org<br>*Attorneys for Plaintiffs* |
| Marianne Spencer<br>mspencer@cov.com | |
| Leah Aden<br>laden@naacpldf.org | |
| Morgan Lewis<br>mlewis@cov.com | |
| *Attorneys for Plaintiffs* | |
| Anthony Biller<br>ajbiller@envisage.law | William L. Hill<br>whill@frazierlawnc.com |
| Adam P. Banks<br>abanks@envisage.law | Clyde B. Albright<br>Clyde.Albright@alamance-nc.com |
| *Attorney for Defendants City of Graham, NC and Kristi Cole* | *Attorneys for Defendants Alamance County and Terry S. Johnson* |

This the 12th day of February, 2021.

BY:   /s/ *Paul G Gessner*
        Paul G. Gessner, NC Bar #18213
        *Attorney for Defendants Alamance*
        *County and Terry S. Johnson*

29

CRANFILL SUMNER & HARTZOG LLP
P.O. Box 27808
Raleigh, NC 27611
Telephone (919) 863-8734
Facsimile (919) 863-3477
pgessner@cshlaw.com