IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SYLVESTER ALLEN, JR., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF GRAHAM, *et al.*, <br><br> *Defendants*. | 1:20-cv-0997-CCE-LPA |
| JUSTICE FOR THE NEXT GENERATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> TERRY JOHNSON, individually and in his official capacity as Alamance County Sheriff, *et al.*, <br><br> *Defendants*. | 1:20-cv-00998-CCE-LPA |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' PARTIAL CONSENT MOTION FOR LEAVE TO TAKE LIMITED EARLY DISCOVERY AND TO EXTEND THE TIME LIMIT FOR SERVICE**

Pursuant to Fed. R. Civ. P. 26(d)(1) and Local Rule 37.1, Plaintiffs in both above-captioned actions respectfully submit this memorandum of law in support of their partial consent motion for leave to take limited discovery prior to the Fed. R. Civ. P. 26(f) conference for the purpose of ascertaining the identities of the Jane and John Doe Defendants ("Doe Defendants") and an extension of time to serve the Doe Defendants in accordance with Fed. R. Civ. P. 4(m).

1

Plaintiffs are individuals and organizations who participated in a peaceful march to the polls on October 31, 2020. During the march, members of the Graham Police Department ("GPD") and Alamance County Sheriff's Office ("ACSO") indiscriminately deployed pepper spray and engaged in other unjustified uses of force. Defendants' reckless actions harmed minor, elderly, and disabled individuals for doing nothing more than exercising their rights of self-expression and attempting to vote in the 2020 general election. Consequently, those actions violated Plaintiffs' rights under federal and state law. Plaintiffs filed these cases on November 2, 2020, and amended their respective Complaints on December 11, 2020[1]. DE 24 & 25.

Plaintiffs have attempted to identify the officers responsible for these incidents, including by reviewing video and photographic evidence taken during the march, but have been unable to identify many of the individuals in question. Plaintiffs therefore seek leave to serve narrow discovery—4 targeted interrogatories (attached as Ex. A)—prior to the Rule 26(f) conference in this case to ascertain the identities of the Doe Defendants. In addition, because Plaintiffs cannot serve the Doe Defendants until Plaintiffs know their identities, Plaintiffs also seek an extension of time to effect service on the Doe Defendants in accordance with Rule 4(m) of the Federal Rules of Civil Procedure of sixty (60) days

---

[1] On December 4, 2020, this Court entered an order consolidating these matters and directed that all subsequent filings should occur in the lead case, *Allen, et al. v. City of Graham, et al.,* Case No. 1:20-cv-00997. (DE 22). On December 11, 2020, J4NG Plaintiffs inadvertently filed their First Amended Complaint on the incorrect docket, *see Justice for the Next Generation, et al., v. Johnson, et al.*, Case No. 1:20-cv-00998, ECF No. 19 (Dec. 11, 2020), and filed a Corrected First Amended Complaint on the appropriate docket on December 14, 2020.

from the later of either: 1) entry of an order granting this partial consent motion; or 2) entry of an order authorizing the production and protecting the confidentiality of information and documents covered by N.C. Gen. Stat. §160A-168.

## FACTUAL BACKGROUND

These consolidated actions arise out of the October 31, 2020 "I am Change March to the Polls" ("the March"), held on the last day of the North Carolina early voting period of the 2020 general election. The purpose of the March was to encourage local citizens to participate in the electoral process and to demonstrate support for racial justice. Plaintiffs are individuals and organizations that gathered in Graham, North Carolina for the March. Plaintiffs' attempts to exercise their rights of assembly and political expression were violated when GPD officers and ACSO deputies indiscriminately, repeatedly, and without cause, used pepper spray and other means of excessive force on peaceful marchers.

Plaintiffs were unable to identify the individual officers and deputies who deployed force during the March before filing their complaints. Accordingly, Plaintiffs named these unknown officers and deputies as John and Jane Doe in their First Amended Complaints, as is typical in civil rights actions alleging excessive use of force.

Since filing their First Amended Complaints, Plaintiffs have sought to identify and serve the Doe Defendants without Court intervention. On December 14 and 15, 2020, counsel for the City of Graham Defendants ("City Defendants") and the Alamance County Defendants ("County Defendants") respectively declined to accept or facilitate service of the Doe Defendants employed by their clients.

3

On January 21, 2021, Plaintiffs sent a letter to counsel for the City and County Defendants asking them to identify all GPD officers and ACSO deputies who used or authorized the use of force at the October 31 March. *See* Exhibit B attached hereto. Plaintiffs included an appendix of compiled photographs and video stills taken on October 31, depicting officers and deputies Plaintiffs believe used force at the March, in order to assist in this process. Plaintiffs' letter requested a response from Defendants by February 4, 2021.

On February 5, 2021, after Defendants failed to respond to Plaintiffs' letter, Plaintiffs notified Defendants of their intent to file this motion and requested a conference pursuant to L.R. 37.1(a) in hopes of resolving the issue without the need for judicial intervention. Since February 5, the parties have been engaged in significant, ongoing discussion including but not limited to a telephonic conference of all parties on February 15, 2021. Throughout the course of these discussions, both sets of Defendants have taken the position that the information Plaintiffs have requested as necessary to identify the Doe Defendants is considered confidential personnel information prohibited from disclosure without order of the Court by N.C. Gen. Stat. §160A-168. Plaintiffs' understanding is that the County Defendants would be willing to produce all Use of Force and incident reports identifying all ASCO personnel who either deployed OC compound / pepper spray or authorized its deployment related to the March prior to entry of a Scheduling Order, subject to entry of a mutually agreeable Consent Protective Order ("CPO") authorizing the production and protecting the confidentiality of information and documents covered by

4

N.C. Gen. Stat. §160A-168. While the City Defendants have agreed to negotiation and submission of a CPO, they have refused to state whether they would be willing to produce any information requested to identify the GPD Does for service before the Court enters a Scheduling Order initiating discovery.

The parties are in the process of negotiating a mutually agreeable CPO for submission to this Court, but given the City Defendants' unwillingness to agree to provide the requested information even pursuant to a CPO before a scheduling order is entered, and given the approaching March 11 deadline for service, it appears that the parties are at an impasse requiring judicial intervention. Despite their apparent agreement to produce Use of Force and incident reports before a scheduling order is entered, the County Defendants do not consent to Plaintiffs' motion as it relates to limited early discovery. The City Defendants do not consent to Plaintiffs' motion as it relates to limited early discovery. Both sets of Defendants consent to Plaintiffs' motion as it relates to an extension of time for service.

**ARGUMENT**

Plaintiffs are entitled to know the identity of the Doe Defendants. There is good cause for allowing Plaintiffs to conduct targeted discovery to obtain that information now, prior to the Rule 26(f) conference, so that Plaintiffs can name the appropriate individuals and serve them with a copy of the pleadings. And providing such information will impose little, if any, burden on Defendants. Additionally, in light of Plaintiffs' inability to identify the Doe Defendants without the information sought from the County and City Defendants,

good cause exists to extend Plaintiffs' deadline to effectuate service on them by sixty (60) days from the later of either: 1) entry of an order granting this partial consent motion; or 2) entry of an order authorizing the production and protecting the confidentiality of information and documents covered by N.C. Gen. Stat. §160A-168.

## I. THE COURT SHOULD PERMIT LIMITED PRE-RULE-26(f) CONFERENCE DISCOVERY TO ASCERTAIN THE DOE DEFENDANTS' IDENTITIES.

The Federal Rules provide that a party may seek discovery prior to the Rule 26(f) conference by stipulation or court order. *See* Fed. R. Civ. P. 26(d)(1). Requests to the court for pre-conference discovery must be assessed in light of the requirement that the Federal Rules of Civil Procedure should be applied to ensure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *see also Robinson v. G.D.C., Inc.*, 193 F. Supp. 3d 577, 584 (E.D. Va. 2016) (Rule 1 guides the interpretation of all other Federal Rules of Civil Procedure). Here, the most just, speedy, and efficient means for determining this action is for Defendants to provide answers to a limited number of narrow interrogatories that will enable Plaintiffs to identify the Doe Defendants, serve them, and then proceed against all Defendants at once, thus avoiding piecemeal discovery and motions practice. For that reason alone, this Court should permit the limited early discovery that Plaintiffs seek. *See, e.g.*, *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) ("The inherent power in courts under their general equity powers and in the efficient management of their dockets . . . is well recognized.").

In addition, a review of precedent from courts in this circuit considering whether to expedite discovery lead to the same result. In determining whether to authorize pre-conference discovery, courts apply "a standard based upon reasonableness or good cause, taking into account the totality of the circumstances." *Teamworks Innovations, Inc. v. Starbucks Corp.*, No. 1:19-cv-1240, 2020 WL 406360, at *3 (M.D.N.C. Jan. 24, 2020) (quotations omitted); *accord Democracy N.C. v. N.C. State Bd. of Elections,* No. 1:20-cv-457, 2020 WL 4288103, at *4 (M.D.N.C. July 27, 2020). For the reasons stated below, the totality of the circumstances weighs heavily in favor of the narrow relief requested here. *See e.g., Me2 Prods., Inc. v. Does 1-16*, No. 4:16-cv-279, 2016 WL 701726, at *1 (E.D.N.C. Dec. 1, 2016) (granting pre-conference discovery where the information sought was "narrowly tailored to meet its objective of identifying defendants"); *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 555 (N.D. Ill. 2011) (granting expedited discovery that is "narrowly tailored in scope and seek[s] to ascertain the identities of the Doe defendants named in Ibarra's Complaint").

### A. The discovery is targeted and discrete.

Plaintiffs seek answers to four narrow interrogatories for the sole purpose of ascertaining the true identities of Doe Defendants who used or authorized the use of force at the October 31 March. Those interrogatories, in full, are:

1. Identify all ACSO deputies who used force, or authorized the use of force, on any Participant in the October 31 March, including all ACSO Does seen in the images

7

collected in the attached Exhibit A, and state whether each such deputy used force, or authorized the use of force, on any of the Consolidated Plaintiffs.

2. Identify all GPD officers who used force, or authorized the use of force, on any Participant in the October 31 March, including all GPD officers seen in the images collected in the attached Exhibit A, and state whether each such officer used force, or authorized the use of force, on any of the Consolidated Plaintiffs.

3. Identify all persons who might know the answer to the Interrogatories.

4. Describe what steps you took to respond to these Interrogatories, including the identity of all persons with whom you consulted and all documents that you reviewed.

As current or former employers of the Doe Defendants, the City and County Defendants are the best, if not the only, source of the information that Plaintiffs seek. In fact, Defendants have asserted that the information necessary to identify the Doe Defendants is confidential personnel information pursuant to North Carolina statute. Accordingly, as detailed *supra* pp. 3-5, Plaintiffs have been unable to discover the identities of the Doe Defendants using reasonable investigation methods and without judicial intervention.

**B. The purpose and timing of the discovery is proper**.

Naming John and Jane Doe defendants is appropriate and often necessary in civil rights litigation. *Schiff v. Kennedy*, 691 F.2d 196, 197 (4th Cir. 1982) ("[W]e recognize the necessity for allowing John Doe suits in the federal courts . . . ."). The practice "is

particularly common in cases of alleged police brutality, where a plaintiff may be aware of the nature and cause of the injury but not the identity of the perpetrators, and has no realistic means of obtaining the information outside the discovery process." *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 8 n.5 (1st Cir. 2007).

The Fourth Circuit has held that plaintiffs must be afforded "the opportunity to discover" the identify of unknown Doe defendants. *Gordon v. Leeke,* 574 F.2d 1147, 1152 (4th Cir. 1978). Thus, courts routinely authorize limited early discovery to ascertain the identity of Doe defendants. *See, e.g.*, *Me2 Prods., Inc.*, 2016 WL 701726, at *1 (noting the necessity of preconference discovery to identify Doe defendants where, "without the identifying information for defendants, enabling plaintiff to bring them into this case, no Rule 26(f) conference could be held"); *Patrick Collins, Inc. v. Does 1-39*, No. 8:12-cv-0093-DKC, 2012 WL 13012737, at *1 (D. Md. Jan. 13, 2012) ("When a plaintiff seeks to learn the identities of unknown defendants through pre-service subpoenas . . . she should be allowed to do so 'unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds"); *OTC Solutions, LLC v. John Does 1-50*, No. 1:10-cv-500, 2011 WL 4747900, at *2 (M.D.N.C. Oct. 5, 2011) (granting motion for "early discovery, through targeted . . . subpoenas, to secure information" regarding John Doe defendants).

Further, allowing for the early discovery sought at this stage in the litigation will promote judicial efficiency and fairness. While the parties are on notice of the imminent obligations of discovery, no Rule 26(f) conference has yet been scheduled. Once the

9

identities of the Doe Defendants are determined, the parties can proceed with motions practice or substantive discovery with the involvement of all relevant parties, facilitating the orderly litigation of this action. Timely identification and service of the presently unidentified Doe Defendants will prevent an avoidable loss of opportunity for these Defendants to participate in critical preliminary stages of the litigation. Further, early identification and service will create a greater likelihood that all relevant evidence from all parties can be adequately preserved.

### C. The burden on Defendants is minimal.

The discovery Plaintiffs seek would not place a meaningful burden on Defendants. Plaintiffs seek basic information about the identities of individuals currently or formerly employed by Defendants who were present and either used or authorized the use of force at the October 31 March. *See* Ex. A hereto. That information is readily available to Defendants. In addition to the photographs and video stills provided by Plaintiffs, Defendants each have policies requiring deputies and officers to complete forms or written reports describing any uses of force, including the deployment of oleoresin capsicum ("OC") spray (pepper spray). *See Use of Force,* ACSO Policy and Procedure Manual, Policy II-IV: Use of Force § IX, at 68-84, https://www.alamance-nc.com/sheriff/wp-content/uploads/sites/25/2021/02/Sheriff-Policy-and-Procedure-Manual-021221-Publish.pdf (last accessed March 5, 2021); *Use of Force,* GPD Standard Operating Policies and Procedures, Policy 17: Use of Force § V(C), https://www.powerdms.com/public/GPD13/tree/documents/283883 (last accessed March 5,

10

2021). As detailed *supra* pp. 4-5, the County Defendants had already indicated a willingness and ability to identify relevant ACSO officials via production of those forms and written reports during the course of the parties' discussions on these issues, upon entry of a CPO currently under negotiation. The City Defendants have provided no indication that identification of GPD officials through production of similar reports and forms would pose a significant burden.

\* \* \*

In sum, Plaintiffs do not seek to burden Defendants with broad or unnecessary discovery requests. Rather, Plaintiffs seek basic information that is (1) readily available to Defendants, (2) necessary to identify those individuals who violated Plaintiffs' constitutional rights as alleged in their First Amended Complaints, and (3) important to the orderly progression of the case. Such a request is eminently reasonable and should be granted.

## II. THERE IS GOOD CAUSE TO EXTEND THE TIME FOR SERVICE OF THE DOE DEFENDANTS

Fed. R. Civ. P. 6(b)(1)(A) generally allows that "[w]hen an act must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Additionally, Rule 4 provides that "the court must extend the time for service for an appropriate period" upon a showing of good cause. Fed. R. Civ. P. 4(m). Good cause "requires some showing of diligence on the part of the plaintiffs," and "generally exists

when the failure of service is due to external factors." *Attkisson v. Holder,* 925 F.3d 606, 627 (4th Cir. 2019).

The March 11 deadline under Fed. R. Civ. P. 4(m) has not yet lapsed, and Defendants have consented to the extension for service that Plaintiffs seek. Further, because Plaintiffs cannot serve defendants whose identity they do not know, there is good cause to extend Plaintiffs' time to effect service under Fed. R. Civ. P. 4(m). Plaintiffs have acted diligently. They have attempted to identify the Doe Defendants through informal discovery, and have attempted to reach an agreement to obtain the information necessary without court intervention. However, even if the parties swiftly arrive at a mutually agreeable CPO and their request for pre-conference discovery is granted, Plaintiffs will not be able to identify and serve the Doe Defendants in advance of the March 11, 2021 deadline.

Accordingly, Plaintiffs request that the Court extend the time for service until sixty (60) days from the later of either: 1) entry of an order granting this partial consent motion; or 2) entry of an order authorizing the production and protecting the confidentiality of information and documents covered by N.C. Gen. Stat. §160A-168. Such an extension should allow Plaintiffs time to receive and review Defendants' discovery responses and effect service. As discussed above, doing so would serve the interest of judicial efficiency, and all parties have given their consent to such an extension.

## CONCLUSION

This Court has the inherent authority to manage its docket. Rule 1 commands that district courts apply the Federal Rules in a manner that encourages just and efficient litigation. Here, the most just and efficient method for this case to move forward is to identify all Defendants against whom Plaintiffs have alleged claims, and to bring them before this Court. This can happen only if Defendants provide limited, basic information that is in their possession, custody, and control so that Plaintiffs can identify and serve the Doe Defendants. Therefore, Plaintiffs respectfully request that (i) the Court permit expedited discovery related to the identities of the Doe Defendants, specifically the Interrogatories attached hereto as Exhibit A, prior to the Rule 26(f) conference and (ii) extend Plaintiffs' time to serve the Doe Defendants by sixty (60) days from the later of either: 1) entry of an order granting this partial consent motion; or 2) entry of an order authorizing the production and protecting the confidentiality of information and documents covered by N.C. Gen. Stat. §160A-168.

This the 5th day of March, 2021.

>/s/ Elizabeth Haddix
Elizabeth Haddix
North Carolina Bar No. 25818
ehaddix@lawyerscommittee.org
Mark Dorosin
North Carolina Bar No. 20935
mdorosin@lawyerscommittee.org
Lawyers' Committee for Civil
Rights Under Law
P.O. Box 956
Carrboro, NC 27510
Tel: 919-914-6106

/s/ Jennifer Nwachukwu
Jennifer Nwachukwu
Maryland Bar No. 20869
jnwachukwu@lawyerscommittee.org
Lawyers' Committee for Civil
Rights Under Law
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Tel: 202-662-8300
*Notice of Special Appearance Filed*

/s/Jaclyn Maffetore
Jaclyn Maffetore
North Carolina Bar No. 50849
jmaffetore@acluofnc.org
Kristi L. Graunke
North Carolina Bar. No. 51216
kgraunke@acluofnc.org
Daniel K. Siegel
North Carolina Bar No. 46397
dsiegel@acluofnc.org
ACLU of North Carolina
Foundation
P.O. Box 28004
Raleigh, NC 27611-8004
Tel: 919-834-3466

Jason Keith
North Carolina Bar No. 34038
Keith & Associates, PLLC
241 Summit Avenue
Greensboro, NC 27401
Tel: 919-914-6106

*Counsel for Justice for the Next Generation Plaintiffs*

14

/s/ Leah Aden
Leah Aden*
laden@naacpldf.org
Natasha Merle
nmerle@naacpldf.org
Anuja Thatte*
athatte@naacpldf.org
Ashok Chandran*
achandran@naacpldf.org
NAACP Legal Defense &
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10031
Tel.: (212) 965-2200
*Notice of Special Appearance
Filed


Geraldine Sumter
North Carolina Bar No. 11107
gsumter@fergusonsumter.com
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, NC 28202
Tel.: (704) 375-8461

C. William Phillips*
cphillips@cov.com
Covington & Burling LLP
620 8th Avenue
New York, NY 10018
Tel.: (212) 841-1081

Marianne Spencer*
mspencer@cov.com
Covington & Burling LLP
850 Tenth Street, N.W.
Washington, DC 20001

15

Morgan Lewis*
melewis@cov.com
Covington & Burling LLP
415 Mission Street
San Francisco, CA 94105-2533

*Notice of Special Appearance
Filed*

*Counsel for the Allen Plaintiffs*

# CERTIFICATE OF COMPLIANCE WITH
# MEET AND CONFER REQUIREMENTS

Pursuant to Local Rule 37.1(a) a conference of attorneys with respect to motions and objections related to discovery and certification that such conference has occurred, the undersigned attests that good faith, diligent efforts were made to resolve this discovery dispute via email on February 5, 6, and 8, 2021, leading up to a telephonic conference held on February 15, 2021. Counsel present at this telephonic conference for *Justice for the Next Generation* Plaintiffs were Elizabeth Haddix, Jaclyn Maffetore, and Chris Knight. Counsel present for the *Allen* Plaintiffs were Leah Aden, Anuja Thatte, Marianne Spencer, and Ashok Chandran. William Hill was present for the County Defendants. Anthony Biller was present for the City Defendants. Following this telephonic conference, the parties continued to confer via email communications taking place on February 16, 18, 24-26, and March 1-5, 2021. Although significant progress was made in reaching agreement with the County Defendants on the issue of discovery into the identity of Doe Defendants, Plaintiffs were unable to reach an accord with the County Defendants in time to obviate the need for judicial intervention. The Plaintiffs were unable to reach an accord with the City Defendants on the issue of discovery into the identity of Doe Defendants. The parties were able to reach agreement as to the extension of time for service of the Doe Defendants requested in the motion.

*/s/Jaclyn A. Maffetore*
Jaclyn A. Maffetore

*Counsel for Justice for the Next Generation Plaintiffs*

**CERTIFICATE OF WORD COUNT**

Relying on the word count function of Microsoft Word, I hereby certify that this brief complies with the word limitations set forth in L.R. 7.3(d)

*/s/Jaclyn A. Maffetore*
Jaclyn A. Maffetore

*Counsel for Justice for the Next Generation Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on March 5, 2021, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' PARTIAL CONSENT MOTION FOR LEAVE TO TAKE LIMITED EARLY DISCOVERY AND TO EXTEND THE TIME LIMIT FOR SERVICE** with the Clerk of Court using the CM/ECF system, which will serve all counsel of record in this action.

*/s/Jaclyn A. Maffetore*
Jaclyn A. Maffetore

*Counsel for Justice for the Next Generation Plaintiffs*