# EXHIBIT A

Consolidated Plaintiffs' Proposed First Set of Interrogatories to Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SYLVESTER ALLEN, JR., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF GRAHAM, *et al.*,<br><br>*Defendants*. | 1:20-cv-0997-CCE-LPA |
| JUSTICE FOR THE NEXT GENERATION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>TERRY JOHNSON, individually and in his official capacity as Alamance County Sheriff*, et al.,*<br><br>*Defendants*. | 1:20-cv-00998-CCE-LPA |

**CONSOLIDATED PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Local Rule 26.1, (i) Plaintiffs Justice 4 the Next Generation (J4tNG), Alamance Alliance 4 Justice (AA4J), Reverend Gregory Drumwright, Edith Ann Jones, Faith Cook, Janet Nesbitt, Quenclyn Ellison on behalf of herself and her minor children, M.E. and Z.P., Melanie Mitchell, on behalf of herself and her minor children J.A. and B.A., Ernestine Lewis Ward, Edith Ward, Avery Harvey and Ashley Reed Batten in *J4tNG, et al. v. Johnson, et al.*, 20 Civ. 998 (the "J4tNG Plaintiffs"), and (ii) Plaintiffs Sylvester Allen, Dejuana Bigelow, Tabatha Davis,

1

Future Alamance, Olivia Davis, Talaun Woods, and Angela Willis in *Allen, et al. v. City of Graham, et al.*, 20 Civ. 997 (the "*Allen* Plaintiffs," with the J4tNG Plaintiffs, the "Consolidated Plaintiffs"), by and through their counsel, propound the following Interrogatories upon Defendants Sheriff Terry Johnson, Chief Deputy Sheriff Cliff Parker, Jonathan Franks, Chief Mary Kristine Cole, Lieutenant Joaquin Velez, Alamance County, and the City of Graham and request that they be answered within thirty (30) days of the date of service. Fed. R. Civ. P. 33(b). Responses should be served on counsel of record for J4NtG Plaintiffs, Elizabeth Haddix, via email at ehaddix@lawyerscommittee.org or via mail at P.O. Box 956, Carrboro, NC 27510; and counsel of record for Allen Plaintiffs, Anuja Thatte, via email at athatte@naacpldf.org or via mail at 700 14th St. NW, Suite 600, Washington, D.C. 20005. These interrogatories are continuing, and you are hereby requested and instructed to provide any and all supplemental information in response to any of these interrogatories that may become available after service of your initial answers.

## DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories, the following terms have the following meanings and are intended to establish the broadest permissible interpretation of the defined terms permissible:

1. The "J4tNG First Amended Complaint" refers to the Corrected First Amended Complaint filed by Plaintiffs in *Justice for the Next Generation, et al., v. Johnson, et al.*, Case No. 1:20-cv-00998-CCE-LPA on December 14, 2020.

2

2. The "Allen First Amended Complaint" refers to the Corrected First Amended Complaint filed by Plaintiffs in *Allen, et al., v. City of Graham, et al.*, Case No. 1:20-cv-00997-CCE-LPA on December 14, 2020.

3. Unless otherwise specified, "Plaintiffs" in the plural refers to the Consolidated Plaintiffs.

4. The "October 31 March" refers to the "I am Change March to the Polls" that took place on October 31, 2020, as further defined and described in the J4tNG First Amended Complaint, including in Paragraph 1 of the J4tNG Corrected First Amended Complaint and in the Allen First Amended Complaint, including Paragraphs 40-41 of the Allen First Amended Complaint.

5. "Participant" includes any and all individuals, including Plaintiffs, who marched with, witnessed, or otherwise took part in the October 31 March or were perceived to have marched with, witnessed, or otherwise to have taken part in the October 31 March.

6. "You" refers collectively to Defendants Sheriff Terry Johnson, Chief Deputy Sheriff Cliff Parker, Jonathan Franks, Chief Mary Kristine Cole, Lieutenant Joaquin Velez, in their individual and official capacities, and to Defendants Alamance County and City of Graham (together, "Defendants"), and any of Defendants' employees, supervisees, agents, apparent agents, attorneys, and all other persons, including corporate or other organizational "persons," acting for them or purporting to represent them or to act on their behalf.

7. "ACSO" refers to Alamance County Sheriff's Office and any employees, supervisees, agents, apparent agents, attorneys, and all other persons, including corporate

or other organizational "persons," acting for it or purporting to represent it or to act on its behalf.

8. "ACSO Does" refers to (i) the unknown defendants named in the J4tNG First Amended Complaint as Alamance County Sheriff's Deputies John and Jane Does #1 through #20, as further identified in Paragraph 33 of, and whose actions are described throughout, the J4tNG First Amended Complaint, and (ii) the unknown defendants named in the Allen First Amended Complaint as Alamance County Sheriff's Deputies John and Jane Does #16 through #30, as further identified in Paragraphs 17-18 of, and whose actions are described throughout, the Allen First Amended Complaint

9. "GPD" refers to Graham Police Department and any employees, supervisees, agents, apparent agents, attorneys, and all other persons, including corporate or other organizational "persons," acting for it or purporting to represent it or to act on its behalf.

10. "GPD Does" refers to (i) the unknown defendants named in the J4tNG First Amended Complaint as Graham Police Officers John and Jane Does #21 through #40, as further identified in Paragraph 43 of, and whose actions are described throughout, the J4tNG First Amended Complaint, and (ii) the unknown defendants named in the Allen First Amended Complaint as Graham Police Officers John and Jane Does #1 through #15, as further identified in Paragraphs 15-16 of, and whose actions are described throughout, the Allen First Amended Complaint

11. "Use of force" or "used force" includes but is not limited to the use of: (a) pepper spray, pepper balls, OC spray, capsaicin spray, MK-9S spray, or any other chemical agent; (b) baton, club, nightstick, or any other blunt instrument; (c) handcuffs, zipties,

flexcuffs, or any other bodily restraint; or (d) any other effort used to compel compliance. See Principles of the Law, Policing § 5.01 TD No 1 (2017) (noting that "force" refers to "physically touching a person or object either directly or indirectly, such as by use of a weapon, in order to control or restrain a person, or to seize, examine, or damage property" and that this definition is "consistent with both judicial rulings and state and federal statues"). Additionally, any ACSO deputies who completed a Use of Force report form pursuant to ACSO Policy & Procedure Manual, Policy II-IV: Use of Force § IX.B and/or any GPD officers who completed a written report pursuant to Policy 17 § 5(C) related to the October 31 March should be considered to have used force, or authorized the use of force, for purposes of responding to these Interrogatories.

12. The word "document" includes all materials specified in Federal Rule of Civil Procedure 34(a)(1)(A) and "writings," "recordings," and "photographs," as encompassed by Federal Rule of Evidence 1001, and should be construed in the broadest sense permissible.

13. "Person" means any natural person, individual, firm, corporation, partnership, proprietorship, joint venture, unincorporated association, government agency, and all other groups of persons, organizations, or entities of any type.

14. With respect to a person, the word "identify" or any variations thereof (e.g., "identifying," "identification") shall mean to specify:

    a. Full name;
    b. Position/job title and employer;
    c. All known telephone numbers;
    d. All known addresses (including electronic mail addresses); and

5

e.  The general topics or subjects of knowledge, communications, or actions pertaining to that person.

15. With respect to a factual basis, "identify" or any variations thereof (e.g., "identifying," "identification") shall mean to specify:

a.  All supporting factual allegations;
b.  An opinion or contention that is legal or relates to fact or the application of law to fact; and
c.  The source of such allegations, opinions, or contentions, including but not limited to, pertinent documents or persons with knowledge.

16. The terms "include" or "including" do not limit the scope of the request and shall be construed as meaning including, but not limited to, the particular subject matter identified.

17. The singular shall include the plural and vice versa, the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

18. Each interrogatory shall be answered separately and fully in writing under oath. An incomplete or evasive answer is a failure to answer. If you cannot answer any interrogatory in full after exercising due diligence to secure the information to do so, please explicitly so state and answer those remaining parts of the interrogatory which you are able to answer.

19. If you object to fully identifying a document because of a privilege, you must nevertheless provide the following information:

a.  The nature of the privilege claimed;
b.  The date of the document;
c.  The type of document, the custodian, location, and such other information sufficient to identify the document for a subpoena duces

6

tecum or a document request including, where appropriate, the author, the addressee and, if not apparent, the relationship between the author and addressee; and

d. The general subject matter of the document.

20. If an interrogatory is objected to please state the specific reason(s) for the objection and answer the interrogatory to the extent it is not objectionable.

21. In answering these interrogatories, please furnish all information in the possession of your agents, co-workers, employees, attorneys, and all others from whom you may freely obtain it.

## **INTERROGATORIES**

1. Identify all ACSO deputies who used force, or authorized the use of force, on any Participant in the October 31 March, including all ACSO Does seen in the images collected in the attached Exhibit A, and state whether each such deputy used force, or authorized the use of force, on any of the Consolidated Plaintiffs.

2. Identify all GPD officers who used force, or authorized the use of force, on any Participant in the October 31 March, including all GPD officers seen in the images collected in the attached Exhibit A, and state whether each such officer used force, or authorized the use of force, on any of the Consolidated Plaintiffs.

3. Identify all persons who might know the answer to the Interrogatories.

4. Describe what steps you took to respond to these Interrogatories, including the identity of all persons with whom you consulted and all documents that you reviewed.

7

Respectfully submitted,

/s/ Elizabeth Haddix
Elizabeth Haddix
North Carolina Bar No. 25818
ehaddix@lawyerscommittee.org
Mark Dorosin
North Carolina Bar No. 20935
mdorosin@lawyerscommittee.org
Lawyers' Committee for Civil Rights Under Law
P.O. Box 956
Carrboro, NC 27510
Tel: 919-914-6106

/s/ Jennifer Nwachukwu
Jennifer Nwachukwu
Maryland Bar No. 20869
jnwachukwu@lawyerscommittee.org
Lawyers' Committee for Civil Rights Under Law
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Tel: 202-662-8300
*Notice of Special Appearance Filed*

/s/Jaclyn Maffetore
Jaclyn Maffetore
North Carolina Bar No. 50849
jmaffetore@acluofnc.org
Kristi L. Graunke
North Carolina Bar. No. 51216
kgraunke@acluofnc.org
Daniel K. Siegel
North Carolina Bar No. 46397
dsiegel@acluofnc.org
ACLU of North Carolina Foundation
P.O. Box 28004
Raleigh, NC 27611-8004
Tel: 919-834-3466

Jason Keith
North Carolina Bar No. 34038
Keith & Associates, PLLC
241 Summit Avenue

8

Greensboro, NC 27401
Tel: 919-914-6106

*Counsel for Justice 4 the Next Generation Plaintiffs*

/s/ Leah Aden
Leah Aden*
laden@naacpldf.org
Natasha Merle
nmerle@naacpldf.org
Anuja Thatte*
athatte@naacpldf.org
Ashok Chandran*
achandran@naacpldf.org
NAACP Legal Defense & Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10031
Tel.: (212) 965-2200
*\*Notice of Special Appearance Filed*

Geraldine Sumter
North Carolina Bar No. 11107
gsumter@fergusonsumter.com
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, NC 28202
Tel.: (704) 375-8461

C. William Phillips*
cphillips@cov.com
Covington & Burling LLP
620 8th Avenue
New York, NY 10018
Tel.: (212) 841-1081

Marianne Spencer*
mspencer@cov.com
Covington & Burling LLP
850 Tenth Street, N.W.
Washington, DC 20001

Morgan Lewis*
melewis@cov.com
Covington & Burling LLP
415 Mission Street
San Francisco, CA 94105-2533

*Notice of Special Appearance Filed*

*Counsel for Allen Plaintiffs*

10

Case 1:20-cv-00997-CCE-LPA   Document 57-1   Filed 03/05/21   Page 11 of 12

Morgan Lewis*
melewis@cov.com
Covington & Burling LLP
415 Mission Street
San Francisco, CA 94105-2533

*Notice of Special Appearance Filed*

*Counsel for Allen Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on [DATE], I served the foregoing on Defendant's counsel by e-mail and United States mail at the addresses specified below:

Anthony J. Biller
Adam P. Banks
2601 Oberlin Rd, Suite 100
Raleigh, NC 27608
ajbiller@envisage.law
abanks@envisage.law

*Counsel for City Defendants*

Paul G. Gessner
Patrick H. Flanagan
Cranfill Sumner LLP
P.O. Box 30787
Charlotte, NC 28230
pgessner@cshlaw.com
phf@cshlaw.com

William L. Hill
Frazier, Hill & Fury, RLLP
2307 W. Cone Blvd., Suite 260
Post Office Drawer 1559
Greensboro, NC 27401
whill@frazierlawnc.com

Clyde B. Albright
124 West Elm St.
Graham, NC 27253
Clyde.Albright@alamance-nc.com

*Counsel for County Defendants*

_____

*Counsel for Justice 4 the Next Generation Plaintiffs*