IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:20-cv-00997-CCE-LPA

| | |
|---|---|
| SYLVESTER ALLEN, JR. *et al*.,<br>*Plaintiffs*,<br>v.<br>CITY OF GRAHAM, *et al*.,<br>*Defendants*.<br><br>GREGORY DRUMWRIGHT, *et al*.,<br>*Plaintiffs*,<br>v.<br>TERRY JOHNSON, individually and in his official capacity as Alamance County Sheriff, *et al*.,<br>*Defendant* | **CITY OF GRAHAM DEFENDANTS' RESPONSE IN OPPOSITION OF PLAINTIFFS' PARTIAL CONSENT MOTION FOR EARLY DISCOVERY [D. 55]** |

## INTRODUCTION

At its best, Plaintiffs' motion for early discovery is based on the perception of added convenience. Plaintiffs generically assert that early discovery is necessary for the "just, speedy, and inexpensive determination of every action." [D. 47, p. 6.] At its worst, Plaintiffs' motion seeks in inappropriate strategic advantage, the ability to review and cull through protected personnel records in hopes of findings opportune facts and to "cherry pick" additional defendants. Plaintiffs' complaints suffer from overly generic and conclusory allegations such as "Doe GPD officers #21-40, working in coordination, suddenly began indiscriminately pepper spraying the peaceful marchers" [D. 25, ¶ 99.], and GPD Does 1-15 "themselves blocked paramedics from administering aid." [D. 24, ¶ 80.] Plaintiffs allege no additional facts to support these naked allegations. City of Graham Defendants argue in their Motion to Dismiss [D. 45.] that Plaintiffs' complaints fail because they are nothing more than "naked assertions devoid of

1

further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, (2009). Plaintiffs' efforts to conduct early discovery are not about "convenience;" rather, they are an attempt to bolster and support Plaintiffs' already defective, conclusory pleadings.

## FACTS

Since the death of George Floyd in May 2020, and the rise of the Black Lives Matter movement, protests for racial equality and anti-racism have become exceedingly popular across the county. Graham is no different. Graham was home to more than 50 organized protests in 2020, most centered around a Confederate monument located in front of the Historic Alamance County Courthouse. [*See* D. 46-1.] The Confederate monument is owned by either Alamance County or the State of North Carolina. [D. 46, p. 3.]

Despite intensive coordination efforts on the part of GPD, the October 31, 2020 protest did not proceed as planned. Plaintiff Drumright, the protest organizer, received a "public safety plan" on October 28, 2020, indicating that aside from momentarily blocking traffic to allow marchers to pass, no roads would be closed for the event. [D. 25, ¶¶ 79,80.] Nonetheless, marchers obstructed the roadway after GPD officers instructed protestors to proceed to designated protest locations. [D. 25, ¶ 96.] Eventually, GPD officers indirectly deployed OC Vapor towards the ground in order to disburse disorderly protestors that refused to comply with GPD instructions to clear the streets.[1]

---

[1] More specifically, the three uses of OC Vapor to disburse crowds related to (1) GPD clearing protestors from blocking the street intersection of NW/NE Court Square and N Main Street, (2) from ACSO disbursing the crowd after Plaintiff Drumwright, the protest organizer, became enmeshed in a physical altercation with ACSO deputies resulting in Deputy Barbara Tomey being pushed to the ground in front of the courthouse, and (3) from GPD clearing the roads around courthouse square after further violent confrontations occurred and after protesters refused to disburse from the area after being repeatedly ordered to do so.

# ARGUMENT

By Default, the Federal Rules of Civil Procedure generally provide no access to discovery until the parties have conducted an initial pretrial conference and established a plan for such discovery. Fed. R. Civ. P. 26(d)(1). However, "[c]ourts have granted expedited discovery when unusual circumstances exist." *ForceX, Inc. v. Technology Fusion, LLC,* No. 4:11CV88, 2011 WL 2560110, at *4 (E.D. Va. June 27, 2011) (citation omitted). Granting early discovery may be appropriate in some cases, such as those with pressing, time sensitive proceedings, such as those involving a "request for a preliminary injunction." *Teamworks Innovations, Inc. v. Starbucks Corp.*, No. 1:19CV1240, 2020 WL 406360, at *2 (M.D.N.C. Jan. 24, 2020); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("[G]ood cause [for expedited discovery] is frequently found in cases involving claims of infringement and unfair competition."). This Court recently adopted a standard for determining whether early discovery is appropriate based "upon reasonableness or good cause, taking into account the totality of the circumstances." *Teamworks,* 2020 WL 406360, at *3. Although the mechanics of a modified preliminary injunction test are no longer implemented by this Court when considering early discovery, the following factors remain relevant:

- the timing of the motion for early discovery;
- whether the discovery requests are narrowly tailored; and
- Whether plaintiff has shown a likelihood of irreparable harm without access to expedited discovery.

*Id*; *see also Lewis v. Alamance Cty. Dep't of Soc. Servs.*, No. 1:15CV298, 2015 WL 2124211, (M.D.N.C. May 6, 2015) ("The Court notes that under either test, the moving party must show a likelihood of irreparable harm without access to early discovery.").

Plaintiffs point to *Me2 Prods., Inc. v. Does 1-16, No. 4:16-CV-279-FL, 2016 WL 7017268 (E.D.N.C. Dec. 1, 2016)*, as precedent from within this circuit supporting the

3

proposition that preconference discovery is proper to identify doe defendants where "without, the identifying information for defendants, enabling plaintiff to bring them into this case, no Rule 26(f) conference could be held." [D. 57, p. 9.] (citing to *Me2 Prods., Inc.*). However, *Me2 Prods.,* is a poor comparison to the matter at hand. *Me2 Prods.* is a digital copyright infringement case wherein the plaintiff only possessed the Internet Protocol ("IP") addresses for each defendant plaintiff alleged illegally downloaded their protected content. The court found early discovery appropriate for the limited purposes of subpoenaing the identities of the individuals associated with each IP address from the internet service provider. Without such discovery, plaintiff would have unable to serve even a single defendant or conduct a Rule 26(f) conference. Here, no such exigent need exists. Plaintiffs have already sued the City, the Police Chief, and several other GPD officers. There is no risk that the Plaintiffs will be unable to perform discovery consistent with the Federal Rules of Civil Procedure. Allowing early discovery, especially while the City of Graham Defendants' Motion to Dismiss is pending, is unnecessary. There is no concern that discovery will not be completed in due course.

1. **PLAINTIFF'S MOTION FOR EARLY DISCOVERY IS IMPROPER WHILE CITY DEFENDANTS MOTION TO DISMISS IS PENDING.**

Plaintiffs' complaints suffer from conclusory allegations of "illegal use of force" with little to no specificity as to who/which John Doe might be the offending officer and without identifying the victim of the alleged misconduct. It is an understatement to describe Plaintiffs' claims as generic. Throughout their complaints, Plaintiffs often fail to distinguish if the alleged harm was caused by an Officer of the GPD or a deputy of the ACSO. The identity of the Plaintiff purporting to have been harmed by Defendants' conduct is addressed in similarly vague fashion, often appearing that Plaintiffs asserts claims on behalf of every protestor present on October 31,

4

2020, which inference is supported by Plaintiffs' discovery requests seeking disclosure of every arrest and use of force on October 31.

Plaintiffs' Complaints are deficient and on February 12, 2021, the City of Graham Defendants filed a motion to dismiss. [D. 45.] This Court has recognized that when a motion to dismiss is pending, directing early discovery prior to ruling on the motion to dismiss is potentially an extraneous exercise. *Terry v. Swift Transportation*, No. 1:16CV256, 2017 WL 1013074, at *2 (M.D.N.C. Mar. 14, 2017), report and recommendation adopted, No. 1:16CV256, 2017 WL 2881141 (M.D.N.C. July 6, 2017) ("Plaintiff may pursue proper discovery regarding any claim that survives Defendant's Motion to Dismiss."); *Starr v. Satya Tiwari, Surya, Inc.,* No. 1:18CV219, 2019 WL 955003, at *2 (M.D.N.C. Feb. 27, 2019) ("if any claims remain after this [12(b)(6)] analysis, this court will proceed to evaluate Plaintiff's discovery motions."). More broadly, a "court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Simpson v. Specialty Retail Concepts, Inc*., 121 F.R.D. 261, 263 (M.D.N.C. 1988); *see also Harlow v. Fitzgerald,* 457 U.S. 800 (1982) (discovery may be stayed to determine the dispositive issue of immunity of government officials).

Here, unlike *Simpson* and *Harlow*, City of Graham Defendants are not asking for a stay, they are simply asking that the normal litigation process not be upended. Plaintiffs bear the burden of establishing that early discovery is necessary, and that good cause exists for disrupting the normal and orderly course of litigation—they have failed to carry this burden. Plaintiffs argue that allowing early discovery is the most "just, speedy, and efficient means" to proceed. However, both the City of Graham and Alamance County Defendants have filed dispositive

5

motions to dismiss. Early discovery, on the eve of this Court determining whether Plaintiffs' claims will survive is neither "just . . . [nor] efficient."

## 2. EARLY DISCOVERY IS IMPROPER BECAUSE PLAINTIFFS FAILED TO ALLEGE A PRIMA FACIA CLAIM AGAINST THE DOE DEFENDANTS

Federal courts "have generally frowned upon 'John Doe' defendants." *Johnson v. Md. Dep't of Transportation,* No. CV ELH-18-1059, 2018 WL 6111779, at *9 (D. Md. Nov. 21, 2018) (citing *Hans v. Louisiana*, 134 U.S. 1, 2 (1890)). Suits against John Doe defendants are permitted but may be dismissed without prejudice "if it does not appear that the true identify of an unnamed party can be discovered." *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982). The specificity, or lack thereof, with which a plaintiff alleges misconduct of a defendant can become a determining factor in whether the suit is allowed to proceed. *See Pair v. Alexander*, GLR-16-1492, 2018 WL 1583472, at *1 n.2 (Apr. 2, 2018) (dismissing claims against John Doe defendants on the ground the plaintiff "d[id] not raise specific allegations against the John Doe defendants.").

City of Graham Defendants moved to dismiss because Plaintiffs' Complaints are conclusory recitations of legal elements, devoid of factual support. Various courts have suggested that a prima facia showing of a valid claim is a prerequisite to granting early discovery. In *Alvis Coatings, Inc. v. John Does 1—10*, another case where plaintiff was seeking to use early discovery to reveal the individual identity associated with an IP address, the court allowed early discovery upon determining the plaintiff had made the requisite prima facia showing. *Alvis Coatings, Inc. v. John Does 1--10,* No. 3L04 CV 374-H, 2004 WL 2904405, at *3 (W.D.N.C. Dec. 2, 2004) ("[W]here a plaintiff makes a prima facie showing that an anonymous individual's conduct on the Internet is otherwise unlawful, the plaintiff is entitled to compel production of his identity in order to name him as a defendant and to obtain service of process.").

6

Similarly, in *Johnson v. Md. Dep't of Transportation*, the court noted that the plaintiff had "raised specific allegations against each doe Defendant" and thus could proceed with limited discovery to ascertain the identities of the doe defendants. *Johnson v. Maryland Dep't of Transportation,* 2018 WL 6111779, at *10 (D. Md. Nov. 21, 2018).

Here, Plaintiffs failed to make a prima facia showing against the John Doe GPD officers. Plaintiffs only bring generalized accusations of nonspecific harm. The simple fact that GPD officers were present at the October 31, 2020 protest, does not establish a prima facia case for the requesting Plaintiffs. In stark contrast to the blanket, conclusory allegations of racism and indiscriminate pepper spraying contained the *Allen* Complaint, it is clear from photographs in Plaintiffs' January 21, 2021 letter [D. 57-2, images 11,13,14,18,19.20], that the John Doe GPD officers are guilty of little more than being present at the protest and providing public safety services.

### 3. EARLY DISCOVERY IS INAPPROPRIATE BECAUSE PLAINTIFFS FAIL TO ESTABLISH IRREPARABLE HARM.

This Court's *Teamworks* test for considering early discovery requests considers the presence of irreparable harm. *Teamworks Innovations,* 2020 WL 406360, at *3 ("As to application of the foregoing good cause/reasonableness standard here, the parties have agreed that the Court should consider . . . whether [Plaintiff] has shown a likelihood of irreparable harm without access to expedited discovery."). Early discovery is sometimes appropriate in the context of a preliminary injunction setting, but the primary justification for a preliminary injunction—to stop ongoing irreparable harm—is inapplicable here. All Plaintiffs' claims are based on single day of protests; no harm continues today. The 2020 election has since concluded. Neither Plaintiffs' Complaint, nor Plaintiffs' Motion for Early Discovery reveal or plead irreparable harm that would justify allowing early discovery.

Further, Plaintiffs' interrogatories and early discovery requests are not tailored at gathering information relevant to showing irreparable harm. *Lewis v. Alamance Cty. Dep't of Soc. Servs.*, No. 1:15CV298, 2015 WL 2124211, at *3 (M.D.N.C. May 6, 2015) (denying expedited discovery where Plaintiff's early discovery requests where overly broad and not aimed at discovering irreparable harm). Despite never making a specific allegation against a John Doe GPD Defendant, Plaintiffs make an exceedingly broad request, that "[Graham Defendants] identify all such deputies and officers, whether or not currently employed by your clients' departments, not only those depicted in Appendix A." [D. 57-2.] The broad scope of Plaintiffs' requests and Plaintiffs' failure to plead irreparable harm make early discovery inappropriate.

### 4. DEFENDANTS, NOT PLAINTIFFS, WILL BE HARMED BY NEEDLESS EARLY DISCOVERY.

City of Graham Defendants Motion to Dismiss [D. 45] asserts the doctrine of qualified immunity in support of dismissing all federal claims against the City of Graham Defendants in their individual capacities. Qualified immunity prevents liability and shields public "officials from harassment, distraction, and liability when they perform their duties reasonably." *Barrett v. Pae Gov't Servs., Inc.*, 975 F.3d 416, 428–29 (4th Cir. 2020) (citations omitted). However, qualified immunity also "free[s] officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009). The *Iqbal* Court further explained why relieving government employees from the obligations of discovery is important:

> There are serious and legitimate reasons for this. If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and

8

resources that might otherwise be directed to the proper execution of the work of the Government.

*Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).

Plaintiffs' request for early discovery is inapposite with the well-established purpose of qualified immunity, which is to prevent harassing litigation from stopping the proper execution of government work. Before Plaintiffs entangle more GPD officers in costly and time-consuming litigation—based on nothing more than their generalized and conclusory pleadings—this Court should first determine whether qualified immunity applies by examining Defendants' motion to dismiss. Otherwise, the mischief perpetrated by Plaintiffs' Complaints is furthered, and additional GPD officers will be added to this lawsuit for doing little more than being present at the October 31, 2020 march. GPD officers merely standing in place are the target of Plaintiffs' request despite a lack of basis or prima facia claim against targeted GPD officers. [*See* D. 57-2, images 11,13,14,18,19.20.]

## 5. PLAINTIFFS INTERROGATORIES ARE OVERLY BROAD AND HIGHLIGHT THE CONCLUSORY NATURE OF PLAINTIFFS' UNDERLYING ALLEGATIONS.

Plaintiffs argue that their early discovery requests are targeted and narrow. However, when read in combination with Plaintiffs' January 21, 2021 letter [D. 57-2], it becomes apparent that Plaintiffs do not seek discovery of John Doe identities in connections with any specific allegations in their Complaints. Rather, Plaintiffs simply seek to add additional defendants to the cases under a theory they are responsible for the generalized harm Plaintiffs allege. Plaintiffs' proposed Interrogatory No. 2 states as follows:

> "Identify *all GPD officers who used force*, or authorized the use of force, on any Participant in the October 31 March, including all GPD officer seen in the images collected in the attached Exhibit A, and state whether each such officer used force, or authorized the use of force, *on any of the Consolidated Plaintiffs*."

9

(emphasis added). Plaintiffs' integratory belies the generic and conclusory nature of Plaintiffs' allegations. One would expect preconference interrogatories in this matter to be more focused and related to specific allegations involving named Plaintiffs. Plaintiffs' interrogatories do not mention a specific action alleged against any specific John Doe, nor do they seek information about any specific harm caused to an identifiable Plaintiff. Just the opposite is true. Plaintiffs request that GPD identify "any of the Consolidated Plaintiffs" they used force on. This is problematic for two reasons. First, three of the Plaintiffs are unincorporated organizations with undisclosed members.[2] City of Graham Defendants have no way of knowing who is, and who is not, a member of those organizations. Second, Plaintiffs' interrogatory demands the perversion the of the Fed. R. Civ. P. 8 pleading standard, which requires the Plaintiff, organizational or otherwise, to "state a claim showing that the pleader is entitled to relief." Plaintiffs' interrogatories essentially "flip-flop" responsibilities and ask the Defendant to "state a claim," to only then be sued by the Plaintiffs. Plaintiffs' early discovery request is an inversion of the Fed. R. Civ. P. 8 pleading standard and inappropriate.

## CONCLUSION

For the foregoing reasons, the City Defendants pray the Court deny Plaintiffs' Motion for Early Discovery. In the alterative, if the Court grants Plaintiffs' Motion, Defendants request an order directing that early discovery occur after the resolution of Defendants Motion to Dismiss and an order directing the identification of the Organizational Plaintiffs' membership, current as of October 31, 2020.

---

[2] In order to respond to Plaintiffs' early discovery requests, Defendants would require a membership list from Justice for the Next Generation, Alamance Alliance for Justice, and Future Alamance (the "Organizational Plaintiffs"), current as of October 31, 2020. The Graham Defendants note, however, they have sought dismissal of these organizations for lack of standing.

10

Respectfully submitted this the 2nd Day of April 2021.

                          Envisage Law

By:   */s/ Adam P. Banks*
      Anthony J. Biller
      NC State Bar No. 24,117
      Adam P. Banks
      NC State Bar No. 47,559
      2601Oberlin Rd, STE 100
      Raleigh, NC 27608
      Telephone: (919) 414.0313
      Facsimile: (919) 782.0452
      Email: ajbiller@envisage.law
      Email: abanks@envisage.law

11

Case 1:20-cv-00997-CCE-LPA   Document 69   Filed 04/02/21   Page 11 of 12

## CERTIFICATE OF WORD COUNT

    The undersigned hereby certifies that the foregoing document complies with the word count limitations of L.R. 7.3(d)(1).

    This the 2nd day of April, 2021.

By:    */s/ Adam P. Banks*
Adam P. Banks
NC State Bar No. 47,559
2601 Oberlin Rd, STE 100
Raleigh, NC 27608
Telephone: (919) 414.0313
Facsimile: (919) 782.0452
Email: abanks@envisage.law
