REVISED STANDARD PRELIMINARY ORDER FOR ALL CIVIL CASES

To facilitate efficient disposition of motions and prompt resolution of disputes, the Court supplements and modifies the Local Rules as follows. It is **ORDERED** that:

1.  The Court enforces the requirements of the Local Rules, as modified and supplemented herein. Parties are reminded that spacing, margin, and font constraints are mandatory, as are word limits; legal arguments require citation to legal authority; factual assertions unsupported by citation to specific evidence in the record will be disregarded; and a citation to a multi-page exhibit or to a pleading or brief must contain a pin cite to the specific page and, for exhibits or pleadings and where possible, the line or paragraph number containing the cited material. To the extent a party incorporates by reference arguments in other briefs, the word limit for the incorporating brief is correspondingly decreased.

2.  Litigants should submit proposed orders contemplated by L.R. 5.3(f)(3) or requested by the Court in Word format.

3.  The parties are excused from compliance with L.R.5.1 absent specific request from the Court. When requested, litigants shall deliver paper copies of briefs and exhibits to the Case Manager within three business days.

4.  The Court generally works paperless, so it is helpful for litigants to refer to pleadings, briefs, exhibits, and other materials on the docket by CM-ECF docket and page number, when possible.

5.  When a party proffers deposition testimony in support of or opposition to a motion, per L.R. 7.1(c), the party shall submit relevant excerpts and plenty of surrounding content to provide context for cited passages. All excerpts from one person's deposition

shall be submitted as one exhibit. Condensed transcripts of depositions are welcome. If a deposition transcript contains fewer than 30 pages, or if the litigant contemplates that the deposition will be referenced in motions several times over the course of the litigation, it may be submitted in full, if that does not necessitate a motion to seal.

6.     If a party has filed a document, a deposition, or other evidentiary material as an exhibit in support of or opposition to a motion, the exhibit should not ordinarily be filed again absent a specific reason. Whether needed in connection with the motion at issue or a future motion, the previously-filed exhibit can be referenced and incorporated by description and CM-ECF docket number. Unnecessary duplicates complicate the record.

7.     The Court discourages motions to seal, especially in connection with motions unrelated to discovery disputes, as the public has a strong interest in access to court records and courts have a strong interest in transparency. Compliance with L.R. 5.4 and L.R. 5.5 is mandatory and the Court encourages the parties to take advantage of the opportunity to obtain an order early establishing case-specific procedures for managing motions to seal. If more than five exhibits will be filed subject to a motion to seal or a protective order is sought, and if no L.R. 5.5 Order has been entered, the parties have an ongoing duty to meet and confer and to file a L.R. 5.5 Report in advance of filing a motion to seal or to explain why compliance is impossible or infeasible.

a.     Litigants are reminded that a party seeking to file an exhibit or brief fully or partially under seal has the burden to establish, both as to the facts and the law, why public access should be denied. Statements in briefs are not evidence and are ordinarily insufficient to meet this burden. An affidavit from

a knowledgeable witness explaining what content is confidential and why is required. Overbroad or unsupported motions will be denied without a second chance. Before filing a motion to seal, counsel should review some of the Court's many opinions in this area. Patent cases are not treated differently.

b.     When an exhibit contains evidence relevant to a pending motion along with other words, sentences, paragraphs, pages, or attachments that are not relevant or necessary to the Court's consideration of the pending motion and filing the irrelevant matters would necessitate a motion to seal, a party may redact the irrelevant information from the exhibit without filing a motion to seal and without filing a complete unredacted copy under seal.

c.     When filing a motion to seal, the filing party shall, in the unredacted version filed under seal, highlight in yellow all of the information subject to the motion to seal so that the Court can easily identify it.

8.     If a handwritten brief or pleading is necessary in the case of a pro se litigant, the document must be double-spaced and legible. It must comply with the margin requirements of the Local Rules.

9.     The Court often shortens the time for briefing related to motions to amend, discovery disputes, and other non-dispositive motions. Litigants should plan accordingly.


            /s/ Catherine C. Eagles
      UNITED STATES DISTRICT JUDGE